CASE 73—PETITION ORDINARY—OCTOBER 1.

## Stimmel & Bryant vs. Waters.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

If a sub-tenant is accepted by the landlord as his immediate tenant or lessee while in possession, and is recognized by the landlord as his tenant, the landlord thereby releases and discharges his original tenant from responsibility for rent which might accrue after such acceptance. (*Taylor on Landlord and Tenant*, sec. 524, *p*. 382.)

JEFF. BROWN and WM. MIX,                    For Appellants,
                    CITED—
   8 *B. Mon.*, 101.
   *Bouvier's Institutes*, 77, 78.
   *Sedgwick on Damages, p*. 124.
   *Taylor's Landlord and Tenant*, sec. 710.
   2 *Stant. Rev. Stat.*, secs. 6–7, *art*. 1, *chap*. 56, *pp*. 91–2.

E. S. WORTHINGTON,                    For Appellee,
                    CITED—
   2 *Stant. Rev. Stat.*, *chap*. 93, *art*. 1, *chap*. 56, *pp*. 91–2.
   4 *Dana*, 150; *Shoffet vs. Menifee.*
   *Civil Code*, secs. 369, 111.
   16 *B. Mon.*; *Bentley vs. Bustard.*

*Taylor on Landlord and Tenant, secs.* 21, 23, 52, 61–5.

6 *B. Mon.,* 389 ; *Harris vs. Jones.*

10 *B. Mon.,* 18 ; *Cox vs. Taylor.*

9 *East.,* 310 ; *Soulsby vs. Nevins.*

8 *B. Mon.,* 199–200 ; *Augusta vs. Perkins.*

17 *B. Mon.,* 332 ; *Masterson vs. Hagan.*

18 *B. Mon.,* 546 ; *Walker vs. Mitchell.*

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

Appellee, being the owner of a term in a certain house and lot in the city of Louisville, leased them to appellant, Stimmel, for one year, commencing on the 1st of May, 1865.

On the 31st of January, 1866, appellee caused a notice to be executed on Stimmel that he would require the possession of the premises to be surrendered to him on the day of the expiration of his lease. After the execution of the notice upon him, Stimmel assigned the residue of his term to Mrs. M. J. Bryant, without consulting his landlord. She entered, and was in the occupancy of the premises, on the 19th of November, 1866, when this action was brought for the possession and for damages for the detention thereof.

On motion of appellee, the cause was submitted for hearing on the 19th of January, 1867. On the same day, but after the submission, Stimmel appeared, and moved the court to set aside the order of submission for the reasons set forth in an affidavit of B. H. Allen, then filed, and to permit him to file an answer which he tendered. These motions were opposed by appellee, and the counter-affidavit of E. S. Worthington was filed.

The motion to set aside the hearing was overruled; but the answer tendered was permitted to be filed for identification, and was then rejected by the court, to which Stimmel excepted.

Mrs. Bryant up to this time had not appeared to the action, and judgment was rendered by default for possession of the premises, and a writ of inquiry awarded to assess the damages for the detention thereof, and the hearing fixed for the 14th of March following; afterwards, but on the same day, Mrs. Bryant tendered her answer, and asked permission to file it, and moved for a new trial on grounds which she filed, and asked for and obtained time till the following Tuesday to present affidavits in support of her motions. The affidavits were filed on the day named, and both of her motions were overruled, and she excepted.

The jury was empanneled on the day fixed therefor, and assessed the damages at one thousand seven hundred and sixteen dollars and fifty-two cents, for which amount judgment was rendered against appellants; and their motion for a new trial having been refused, they have appealed to this court.

The first question to be determined is, whether the answers presented a defense to the action; for if the facts stated did not constitute a sufficient defense, the court below did not err in rejecting them.

Stimmel, in his answer, alleges that he did, in February, 1866, lease the premises to his co-defendant, M. J. Bryant, for the remainder of his term, and that, after he had leased to her, appellee received rents from her, and recognized her as his tenant; that the rent had been paid in full to appellee up to the 1st of May, 1866, when his lease expired; denies that he has occupied the premises since that time, or that he owes him any thing, and denies that he has prevented him from obtaining possession of the premises, and occupying them after the expiration of his lease.

It is certainly true, as a proposition of law, that if appellee accepted Mrs. Bryant as his *immediate* tenant or lessee while she was in possession, and recognized her as his tenant, he thereby discharged Stimmel, his original lessee, and he could not properly be made responsible for rent which might accrue after such acceptance. (*Taylor on Landlord and Tenant, section 524, page 382.*)

The facts alleged in the answer, therefore, presented a good defense to the action, so far as a recovery was sought against Stimmel for damages for the detention of the premises; and this conclusion necessarily involves an inquiry into the propriety of the ruling of the court below in rejecting the answer.

It has been heretofore shown that Stimmel's answer was tendered before the question of damages was submitted to the jury. The time to intervene was a month and twelve days, apparently altogether sufficient to enable appellee to make the necessary preparation to try the issue presented by the pleadings, without producing any delay, and without injury to appellee. Besides, the statute under which appellee is attempting to proceed to recover double the reasonable rent is highly penal in its character, and that fact, together with the other facts and circumstances, some of which have been named, attending this case, would seem to require that the answers should have been filed, and a refusal to let them be filed, it seems to us, was a departure from a sound discretion by the court below.

Wherefore, the judgment is *reversed*, and the cause remanded, with directions to permit appellants to file their answer, for a new trial to be awarded, and for further proceedings not inconsistent with this opinion.