THE HOME INSURANCE COMPANY OF NEW YORK, plaintiff in error, *vs.* BENJAMIN P. HOLLIS, assignee, defendant in error.

1. Hudson was insured in a fire policy, under which a right of action had accrued for a loss by fire.   He engaged counsel to bring suit, agreeing with them that they should have one-third of the recovery, and as security for their interest made an absolute assignment of the policy to them.   Suit was brought in the name of Hudson for $4,000, the amount of the policy, and for twenty-five per cent. damages under the statute. Shortly thereafter Hudson was adjudicated a bankrupt.   In the same month the adjudication was made, and before the appointment of an assignee, the attorneys, Hudson, and the insurance company, all knowing the above facts, settled the suit for $2,000 00, and Hudson paid the cost and had an entry of dismissal made by the clerk.   Court was in session at the time and adjourned to a subsequent month.   In the meantime an assignee was appointed.   The adjourned term was held but one day.   At the next regular term, which was in the ensuing month, the assignee moved to have the case reinstated and to be made a party:

*Held*, that the right to the motion was not lost by delay.

2. Though the attorneys of the bankrupt—they being the transferees of the policy—had the right to accept or collect the $2,000 00, as a credit on what was due, or in full satisfaction of the claim, if that amount would fairly satisfy it, yet the assignee has the right to be made a party. for the purpose of contesting this latter point, if he see proper so to do, and to assert his claim to whatever may be further due and recoverable on the policy.

Bankrupt.  Attorneys.  Parties.  Compromise and settlement.  Before Judge CLARK.  Sumter Superior Court.  October Term, 1874.

The above head-notes report this case.

SAMUEL C. ELAM, for plaintiff in error.

FORT & MCCLESKY; BENJAMIN P. HOLLIS, for defendant.

TRIPPE, Judge.

1. It would be a rigid rule as to diligence which would hold that the assignee had lost his right to make this motion.   It

is true he had been appointed assignee before the adjourned term; but that term did not continue longer than one day. The assignee had but a short time after his appointment to be informed of the condition of the bankrupt's affairs. It does not appear that he knew of the settlement which had been made before the sitting of the adjourned term, or even that the suit had ever been commenced. He made the motion at the first regular term after his appointment, and was in time.

2. When the settlement was made all the parties to it knew of the bankruptcy of Hudson, and that his attorneys held the policy by the transfer as a security for their fee. The suit was in the name of Hudson. Before his adjudication as a bankrupt the attorneys could not, without special authority, have received anything in discharge of his claim but the full amount in cash: Code, section 409. After the adjudication all his rights vested in his assignee. The assignee may not have been appointed for some time, but his title to the bankrupt's rights and property related back to the time of the adjudication. Hudson could not assign or settle them. It is true, the attorneys had the right to collect the $2,000 00 as a payment in part, or in full of the claim on the policy, if that amount was all that was due. But neither they or the bankupt jointly with them, could go further. If more was due and recoverable the assignee has a right to be heard as the representative of the creditors, for the purpose of collecting it. To do this it is necessary that he be made a party. He was no party to the settlement, nor to the case being entered settled on the docket. As a matter of right, he can move to vacate the entry—to reinstate the case, and to be made a party. Then all can be heard upon the merits of the settlement. That is not a question to be determined before he is a party; it is not a condition precedent on him to show that it was wrong, or not in full satisfaction of what was justly due, in order to have the case reinstated. If it were, then there would be two trials of exactly the same issue to be had. There is no necessity and no reason for this.

Judgment affirmed.