## JAMES E. BROWN *v.* GEORGE SCHULER.

**Landlord and Tenant.**

By consenting that his tenant may sub-lease the premises, the landlord does not release his tenant from liability or accept the sub-lessee as his tenant.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

January 16, 1875.

OPINION BY JUDGE PRYOR:

There is no evidence in the case showing that the appellee accepted Gray and Henry as his tenants, or agreed to look to them for the rents, and release the appellant Brown from any liability therefor. The consent of appellee was obtained in order that Brown might sublet the premises to Gray and Henry, as the latter had no right to lease them without the consent of the appellee. The statute requires the landlord's consent before his tenant can lease the premises to a third party, and if his consent is a release of the first tenant from responsibility for rent, this statute intended as a protection to the landlord, had not only failed to accomplish its purpose in thus protecting his rights, but (if the law is as maintained by appellant) operates to annul by implication the contract of renting without his consent. The sub-tenant, by the express provisions of the statute, were liable to the appellee for the rent, as well as the original tenant, Brown, and the fact that the appellee received rents from those who were liable to pay, is no evidence to authorize the conclusion that they were by an agreement with appellee and Brown substituted and accepted as tenants, and Brown released. If such was the contract why the necessity of having appellee consent that

Brown might lease to these parties, for if they were to be the tenants, and not Brown, the contract of leasing, instead of being made by Brown, could have been made by the appellee. The only reason for this consent by appellee was that Brown had no power to sublet without obtaining it. All that appellee seems to have done was to receive the rent from these sublessees, who were liable to him as well as Brown; and the fact that he did receive the rent from those he could have compelled to pay is no reason why Brown should be released.

That he took from these parties less than the amount of the original renting was a favor to them as well as the appellant. There was no consideration for this reduction, except the kindness or liberality on the part of the appellee, who seems not to have exacted the full amount of the rent by reason of the hard times. Nor was Brown released, by the acceptance of a part of the rent from the sheriff by the appellee, when by the statute the latter might have insisted upon the payment of a year's rent before the goods were removed. It was not the duty of the appellee to protect the interest of the appellant, or to seek to collect from the sheriff any part of the rent. Appellant was liable to him, as well as these sublessees, and it was the duty of those liable to pay this rent to see that the sheriff first satisfied the landlord's claim. The amount collected from the sheriff only lessened the sum for which appellant was liable.

In the case of *Stimmel & Bryant v. Waters,* 2 Bush 282, the answer alleged that the sub-tenant had been recognized as such by the landlord, and that rents had been received, etc. This court says in that case that if appellee accepted Mrs. Bryant as his immediate tenant, the first lessee was discharged, etc. So, also, is the case where the tenant underlet the premises, and the landlord accepted the under-tenant as his tenant, and collected, etc. Taylor's Landlord and Tenant, 379. In this case there is no evidence sufficient to establish such an acceptance, or any agreement to release the appellant. The landlord, by the Revised Statutes, could have recovered his rent either by a distress warrant or by an action at law; and by Sec. 9, of the same statutes, page 93, he has the same remedy against the under-tenant that he has against the original lessee. The fact that he collected the rents or attested the contract between the first tenant and the under-tenant, or both combined, does not release the first tenant.

The filing of the amended petition was evidently upon a mistake of facts. All the writings are exhibited, the original lease, the consent of appellee to the subleasing, and the lease from Brown to Gray

& Henry. There was no cancellation of the original agreement, and it was proper to permit the filing of the second amended pleading in order to explain the mistake committed in the first amendment. This explanation is fully made and sustained by all the facts in the case. This is no case of an estoppel, and the only question presented is whether the appellee is bound by a mistaken state of facts in a pleading sworn to, when by a subsequent pleading the mistake is alleged and clearly established by the proof. There is no question but what this can be done, and the court below acted properly in permitting the mistake to be corrected, and in rendering a judgment for the rent.

Judgment *affirmed.*

*Lee & Rodman, for appellant.*
*Isaac Green, for appellee.* ·