## ALSTON *vs*. WILSON.

1. The lien of a landlord on the crop made for rent, is superior to an agreement between the tenant and one who cultivated the premises with him on shares, that the latter should have all the cotton raised thereon.
2. The issue, upon the trial of a claim, is whether or not the property is subject. It is immaterial whether there is other property subject or not.

Landlord and tenant. Contracts. Lien. Claim. Evidence. Before Judge WRIGHT. Webster Superior Court. April Term, 1879.

To the report contained in the decision it is only necessary to add the following: Claimant offered to prove that the sheriff levied on this cotton by direction of the landlord; that the defendant in the *fi. fa.* stated to the sheriff that he had no interest in the cotton, and offered to point out other property which was subject; and that the sheriff refused to levy on such property, but seized this cotton. The court held this irrelevant to the issue in a claim case, and error is assigned on such ruling.

J R. WORRILL, for plaintiff in error.

SIMMONS & SIMMONS, for defendant.

JACKSON, Justice.

A distress warrant was levied on three bales of cotton on the premises rented by Alston, Sr., from Wilson. Alston, Jr., claimed them and the jury found the property subject. The evidence is to the effect that the two Alstons cultivated the place on shares, and the claimant was to have the cotton raised on it, of which there were six bales in all, three of which were levied on.

The lien for rent, on the proceeds of the farm rented especially, is superior to any agreement between the parties, and the proof is satisfactory that the cotton was the product of the rented premises, neither defendant in the warrant nor claimant, both of whom testified, having pretended that it was not, and the cotton being at the gin-house, two hundred yards from the dwelling where both Alstons lived together.

The sheriff was right to levy on the cotton pointed out by the landlord, and if he had been wrong, it could not affect the issue on trial, which was simply this: Is the cotton subject or not to the distress warrant? Therefore it was wholly immaterial on the trial of that issue whether other property could have been levied on, or was subject, or pointed out for levy.

No claim was made for damages in this case and therefore we award none.

Judgment affirmed.