THE FRICK COMPANY v. TAYLOR.

1. One who, by fraud and deception and without paying or promising any consideration therefor, obtains from an illiterate person a conveyance of land, the latter thinking he was conveying personal property, holds the title not for himself but as trustee; and a subsequent mortgagee to whom he mortgages the land as security for a pre-existing debt takes in subordination to the trust, whether he had notice of the fraud or not.

2. On the trial of a claim case the claimant, without other pleading

than the ordinary issue in claim cases, may give in evidence the fraud to defeat the enforcement of the mortgage *fi. fa.*, and maintain his equitable title to the premises, although the deed procured from him by the mortgagor is still outstanding; and the jury may find the property not subject by reason of the perpetration of the fraud.

3. A joint note given by two persons for the rent of land not otherwise described than as "on Buck creek," is not admissible in evidence to show that one of the makers severally was the payee's tenant of the lands now in controversy, it not appearing that these lands were on Buck creek or where the Buck creek land was situate.

4. The evidence warranted the verdict, and there was no error in denying a new trial.                 *Judgment affirmed.*

August 14, 1894.

Levy and claim. Before Judge SMITH. Macon superior court. November term, 1893.

A mortgage *fi. fa.* against C. A. Taylor, covering lot 194 and the north half of lot 191 in the 2d district of Macon county, was levied on said land. John Taylor interposed a claim to the north half of lot 191 and 50 acres of the north side of lot 194. The property was found not subject, and plaintiff's motion for a new trial was overruled. The main issue was as to fraud on the part of C. A. Taylor in procuring from John Taylor a deed to the land in question, before the execution of the mortgage made by him to plaintiff to secure a pre-existing debt; claimant testifying that the deed was obtained on the fraudulent representation of C. A. Taylor that it was a deed to some cows which claimant delivered to him at the time, he promising that if claimant would make the deed and send the cows to him, he would protect claimant against some debts claimed against him which he did not owe; no further consideration being paid or promised. To this testimony plaintiff objected, and contended that in the absence of a plea of fraud the property must be found subject. For the same reason error was assigned on an instruction by the court, that

if the title was obtained from claimant by fraud, no title
could pass; and that plaintiff would not be protected as
a *bona fide* purchaser without notice, where its mortgage
was taken to secure a pre-existing debt.    Further error
was assigned on the rejection from evidence of the re-
cord of the suit of Malsby & Avery *v.* John Taylor and
Bob Tooke, upon a note promising to pay four bales of
cotton, signed by them and payable to C. A. Taylor or
bearer, "given for rent of land on Buck creek"; in
which suit there was personal service on the defendants
and judgment by the court against them.

J. A. ANSLEY and EDWARDS & GREER, for plaintiff.

J. W. HAYGOOD and HARDEMAN, DAVIS & TURNER, for
claimant.