### HUDSON *et al. v.* STEWART *et al.*

While by statute landlords have a special lien for rent on the crops made upon land rented from them, which can not be defeated by a subletting of the premises, yet, as a landlord can not maintain an action for rent against one who is not his tenant, and as the relation of landlord and tenant does not arise between the owner of realty and one to whom his tenant has sublet the same until the landlord elects to make the subtenant his tenant, such subtenant is not, until the owner of the premises exercises his right to make such election, liable to him for the rent of the property.

Submitted February 1, — Decided February 28, 1900

Complaint. Before Judge Candler. Rockdale superior court. April term, 1899.

*A. C. McCalla,* for plaintiffs.

*G. W. Gleaton,* for defendants.

LITTLE, J. Hudson and others brought suit in a justice's court against Stewart and two others, for the use and occupation of a certain lot on which was situated a storage warehouse; and

after a trial in that court there was an appeal to the superior court. When the appeal case came on to be tried, it was shown that Hudson and the other plaintiffs in error were the owners of the lot in question; that they rented the warehouse to Almand for $160, taking from him two rent notes. After this contract was made, the defendants in error rented the house from Almand without the consent of the plaintiffs in error. The defendant Stewart rented one part of the house, and the other defendants, who were partners, rented the remainder. At the time that these under-tenants made their contracts with Almand, the original lessee, they knew that the plaintiffs in error were the owners of the property. They gave Almand their separate negotiable notes for the rent, which were afterwards paid. The plaintiffs in error demanded rent and possession from the subtenants, who refused to pay the rent but vacated the premises. Under this evidence a nonsuit was granted and the case dismissed, and the plaintiffs in error excepted.

Our Civil Code, § 3115, declares that "When the owner of real estate grants to another simply the right to possess and enjoy the use of such real estate, either for a fixed time or at the will of the grantor, and the tenant accepts the grant, the relation of landlord and tenant exists between them." This rule of law undoubtedly fixes the relation which existed between the plaintiffs in error and Almand as that of landlord and tenant. The fact that Almand did not at any time occupy the premises can have no effect on this relation, because the owners of the property granted the use of the same for a fixed time to Almand, who accepted that grant, and he was bound for the rent. The Civil Code, however, in the same section, declares that after such a contract the tenant has only a usufruct, which he can not convey except by the landlord's consent. In this case it appears that the tenant did, so far as an agreement could, convey the usufruct, which he obtained by his contract with the owners, to the defendants in error, who went into possession under this sublease; and it further very clearly appears that this sublease was not made with the consent of the landlord. Because of this possession and the fact of ownership of the property in the plaintiffs in error, it is contended that,

under the provisions of section 3116 of the Civil Code, the sub-tenants were liable to the landlord for the rent of the ware-house. That section declares that, when title is shown in the plaintiff and occupation by the defendant, an obligation to pay rent is generally implied; but if the entry was not under the plaintiff, no such implication arises. By the words of this sec-tion it is clear that its provisions can have no application to the case at bar, because the entry of the subtenants was not under the landlord, but under the original tenant. In the case of *Morgan* v. *Morgan*, 65 *Ga.* 493, it was ruled that one renting land from another becomes his tenant although he may not own the land, and the relation of landlord and tenant exists, with liability to pay the landlord rent; and in the case of *Littleton* v. *Wynn*, 31 *Ga.* 583, this court held that the relation of landlord and tenant must exist, to maintain the action for use and occu-pation. So that, if the defendants in error were not the ten-ants of the plaintiffs, the action would not lie.

But it is said that the tenant could not legally sublet the premises, and that when he did so and the landlord knew of the occupation by the subtenant, this was sufficient to create this relation. Not at all. In the case of *McConnell* v. *East Point Land Company*, 100 *Ga.* 134, this court ruled that it was at the election of the owner to make such subtenant his tenant, and when the owner so elects he must proceed against such subtenant as his own tenant; and in *McBurney* v. *McIntyre*, 38 *Ga.* 261, it was ruled that a subtenant becomes the tenant of the landlord if he elects to recognize him as such, and not the tenant of the tenant who placed him upon the premises without the consent of the landlord. So that, in order for the relation of landlord and tenant to exist between the owner of the property and a subtenant, some affirmative action must be had by the landlord showing that he elected to treat the subtenant as his tenant. It is not sufficient that the landlord has knowledge and makes no objection. As an instance, it may readily be seen that the owner of a storehouse may be unwilling to rent the house to A. on account, say, of his insolvency, but is entirely willing to rent it to B., who is a friend or relative of A., and does so. Without having obtained the consent of the landlord, B. sublets it to A.

and puts him in possession for B.'s term. The landlord, with a knowledge of the fact that A. is occupying his store, makes no objection, but does not elect to treat him as his tenant, preferring to hold B. It can not be said that the owner of the premises occupies the relation of landlord to A. because he knew of the occupancy by the latter of his house. Otherwise, the landlord would be forced to give up his claim for rent against B.; as it seems to be settled that when the landlord elects to make the subtenant his tenant and accepts him as such, he releases his claim on the original tenant. 12 Am. & Eng. Enc. L. 715, citing 2 Bush (Ky.), 282; Taylor's Landlord and Tenant, § 524. So that a knowledge that his tenant has subleased the property, and a failure to interpose any objection, can not be held to be the acceptance by the landlord of the subtenant as his immediate tenant. "The mere fact that an owner of property out of possession does not object to the possession of another is not sufficient to constitute a tenancy." 12 Am. & Eng. Enc. L. 672. The prohibition of underleasing did not exist at the common law, but, where it was desired to restrict the power of the tenant to do so, a condition prohibiting it was incorporated in the lease contract, which was of course binding on the tenant. 1 Wood's Landlord and Tenant, § 98. The prohibition of this common-law right was incorporated in our statute for the better protection of landlords, who, in the event that the subtenant not put in by his consent becomes in any way objectionable, may evict such subtenant without a breach of the contract of lease. But, as there is no privity of contract between the landlord and the subtenant in the first instance, the former has no claim on the latter for rent unless he elects to accept him as his immediate tenant. When such election is made and the under-tenant continues to occupy the premises, then the election and the continued occupancy create a liability on the part of the subtenant to pay rent, and establish in a legal manner the relation of landlord and tenant between them.

This view of the question is not to be confused with the rulings made by this court in a number of cases where it was held that the owner was entitled to make out of the crops produced on his land by a subtenant the rent agreed to be paid by the prin-

cipal tenant.   See *Andrew* v. *Stewart,* 81 *Ga.* 53; *Thompson* v. *Commercial Guano Company,* 93 *Ga.* 282; *Alston* v. *Wilson,* 64 *Ga.* 482.   The Civil Code, § 2795, provides that "Landlords shall have a special lien for rent on crops made on land rented from them, superior to all other liens except liens for taxes"; and it is under this provision that the crops raised on rented land by a subtenant, who has never been recognized by the land-lord as his immediate tenant, can be lawfully subjected to the payment of the rent contracted for by the original tenant.   In this case there is no proof that the plaintiffs in error ever elected to make the defendants in error their immediate tenants.   The subtenancy was created without their consent; and while they had knowledge that the subtenants occupied the property, they continued to hold the original tenant liable, or at least mani-fested no election to substitute the subtenants for the original tenant.   The evidence further shows that when they demanded rent from the subtenants they at the same time demanded pos-session of the property.   Possession was given—payment of rent refused.   Up to the time of this demand, defendants in error were the tenants of Almand and not the tenants of the plaintiffs in error.   After the demand they vacated the prem-ises.   So that there was never a relation of landlord and tenant existing between the parties; and that being true, the action to recover for use and occupation can not be maintained, and the court committed no error in granting the nonsuit.

*Judgment affirmed.   All the Justices concurring.*