### FLETCHER *et al. v.* FLETCHER.

1. When a tenant places a subtenant in possession and the latter remains in possession beyond the term, the original tenant is to be regarded as holding over beyond his term, and a summary joint proceeding for possession against him and the subtenant is authorized.

2. In such a proceeding a judgment in favor of the plaintiff for the possession of the premises should be entered against both of the defendants, and a judgment for double rent against the original tenant only.

3. Those portions of the charge which were objected to were not erroneous for any reason assigned. The requests to charge, so far as legal and pertinent, were covered by the general charge, which fairly submitted to the jury the controlling issue in the case. The evidence amply warranted the verdict; and no reason appears for reversing the judgment.

Argued May 25,— Decided June 17, 1905.

Eviction. Before Judge Roberts. Irwin superior court. December 31, 1904.

Joe Fletcher made affidavit before a justice of the peace, that he was the owner of a described parcel of land; that he had rented the same to George H. Fletcher for the year 1901; that the term had expired, and he desired possession; that George H. Fletcher and one David Christmas were holding possession as tenants holding over; and that he had demanded possession of each of them since the expiration- of the term, and they had refused to deliver possession to him. The affidavit was amended by adding an averment that Christmas was holding under George H. Fletcher and claiming possession as a subtenant of George H. Fletcher, and that they were holding over beyond the term. George H. Fletcher and Christmas each filed a counter-affidavit and gave bond. The papers were returned to the superior court for trial. The defendants moved to dismiss the proceeding, on the following grounds: (1) The affidavit fails to allege that the plaintiff had consented that Christmas should become the sub-tenant of George H. Fletcher, or the tenant of plaintiff. (2) George H. Fletcher and Christmas could not be proceeded against jointly. (3) Unless the plaintiff consented that Christmas should become the tenant of George H. Fletcher, Christmas was an intruder and should have been proceeded against as such. The court overruled this motion, and the defendants excepted pendente lite. The trial resulted in a verdict in favor of the plaintiff for the possession of the premises and fifty dollars rent. Upon this verdict a judgment was entered that possession be delivered to the plaintiff, and that he recover of the defendants fifty dollars rent and costs. The defendants made a motion for a new trial, which was overruled. They excepted, assigning error upon the judgment overruling the motion to dismiss, and upon that overruling the motion for a new trial.

*McDonald & Quincey*, for plaintiffs in error.

*L. Kennedy* and *E. D. Graham*, contra.

COBB, J. 1. When a tenant, either with or without the consent of the landlord, sublets the premises and places the subtenant in possession, and the latter, claiming only under the tenant, remains in possession after the term has expired, such possession is a holding over of the tenant, and authorizes a proceeding by the landlord against the tenant as a tenant holding over. A tenant holding over is liable for double rent, and he can not

evade this liability by so arranging the possession that the same
is not actually in him, but in another claiming under him.    The
landlord is permitted, under certain circumstances, either during
the term or after it has expired, to treat the subtenant as his own
tenant and to proceed against him as such, either for rent or for
possession.  *Hudson* v. *Stewart*, 110 *Ga.* 37, and cit.    But the
landlord is not compelled to do this; he may still treat the per-
son with whom he dealt as his tenant, and nothing done by such
person can relieve him from any of the liabilities to the landlord
which the relation imposes.    The purpose of the summary pro-
ceeding which the law gives against a tenant holding over is to
oust the tenant and place the landlord in possession.    If the
landlord sees fit to treat the subtenant as his tenant and pro-
ceed against him as such, he can not afterwards hold the original
tenant to any liability for double rent; for this liability arises
under the statute and is an incident to the proceeding to oust
the tenant.    The landlord is therefore entitled by this summary
proceeding to have possession delivered to him and a judgment
against his tenant for double rent.    To completely accomplish
the purpose of the statute and give to the landlord a judgment
for double rent against the person with whom he has dealt, it
is, therefore, necessary that the proceeding should be so directed
that the actual occupant would be ousted and a judgment for
the double rent entered against the tenant.    This can not be
accomplished unless both the tenant and the subtenant are par-
ties to the proceeding.    The affidavit as amended set forth the
exact condition of affairs as they existed.    The tenant was hold-
ing over, not by himself but by another, and the landlord desired
possession from the subtenant and a judgment for double rent
against the tenant.    This could be accomplished by making them
both parties to the proceeding.    In *Richardson* v. *Harvey*, 37
*Ga.* 229, there is a dictum by Mr. Chief Justice Warner to the
effect that in a proceeding against a subtenant to evict him as a
tenant holding over, it was discretionary with the court whether
the original tenant should be made a formal party to the pro-
ceeding; that he could defend in the name of the subtenant; but
that the court might permit him to be made a formal party if
it saw fit to do so.    In that case the court had refused to allow
the tenant to be made a party; and this judgment was not

reversed, simply for the reason that it appeared from the record that he had not been deprived of any substantial right by this ruling, as his defenses had been fully made in the name of his subtenant. If in a proceeding against the subtenant, where the landlord has elected to treat him as his tenant, the original tenant could, in the discretion of the court, be made a party defendant, it would seem for a stronger reason that the landlord, at the inception of the proceedings, could make both the original tenant and the subtenant or actual occupant parties to the eviction proceedings. There was no error in overruling the motion to dismiss the proceeding. In the case of *Grizzard* v. *Roberts*, 110 *Ga*. 41, the persons who were sought to be made parties in the proceeding claimed to be the owners of the land and desired to set up a claim adverse to that of the landlord, alleging that the defendant was their tenant. They were entire strangers to the only issue made by the proceeding, and therefore could not under any circumstances be made parties to the case.

2, 3. The motion for a new trial contains numerous grounds, assigning error upon extracts from the charge, and upon the refusal of various requests to charge. The case turned upon the question whether Christmas had gone into possession, before the term expired, as the tenant of George H. Fletcher, or as the tenant of the plaintiff, or whether George H. Fletcher had, during the term, abandoned possession, Christmas entering as an intruder and having no connection with George H. Fletcher, and after the term had expired made a contract of rental with George H. Fletcher, who then claimed to be the owner of the premises by a title paramount to that of the plaintiff. This issue was fairly submitted to the jury under the judge's charge. Those portions of the charge that were excepted to were not erroneous for any reason assigned, and the requests to charge, so far as legal and pertinent, were covered by the general charge. The evidence fully authorized the finding that the possession of George H. Fletcher during the term and the entry of Christmas were the result of a collusive arrangement to defeat the rights of the plaintiff, and therefore neither Christmas nor George H. Fletcher could, as against the plaintiff in the proceeding to oust them from possession as tenants holding over, set up a title adverse to the plaintiff until they had surrendered possession to him. *Grizzard* v. *Roberts*,

supra.   While the proceeding was properly brought against George H. Fletcher and Christmas for the possession, we think that Christmas is not liable to the plaintiff for double rent, and that the judgment for rent should have been entered against George H. Fletcher alone.   Direction is given that the judgment be so amended as to be a judgment for possession against both of the defendants, and a judgment for the double rent against the defendant Fletcher only.   There was no error requiring a reversal.

*Judgment affirmed, with direction.   All the Justices concur, except Simmons, C. J., absent.*