24464. SHELL PETROLEUM CORPORATION *v.* STALLINGS.

JENKINS, P. J. 1. "When a grantee accepts a deed and enters thereunder, he will be bound by the covenants contained therein, although the deed has not been signed by him." Code of 1933, § 29-102; *Smith* v. *Kingsley,* 178 *Ga.* 681 (173 S. E. 702). Where a lease for a period of thirty years is duly executed by the lessor with the statutory formalities required for a deed, and the lessee accepts the lease, has it recorded, and

enters into possession thereunder, the lessee and his assigns will be bound by a covenant therein for the payment of a specified sum as monthly rental, even though the lessee did not sign the instrument. Such a lease is not unilateral and void for the reason contended, that the provision for the payment of rent is not binding on the lessee.

2. The payment or promise of payment of stipulated rentals alone constitutes a valid consideration for a lease, without the necessity for any other consideration from the lessee. 35 C. J. 1145, § 397. The lease here involved, providing for a stated monthly rental, was therefore not invalid because of the absence of a valuable consideration, irrespective of whether or not an additional cash consideration from the lessee for the making of the lease was shown.

3. "A lease of real estate for a period of five years [or more] passes such an estate from the landlord to the tenant as he may convey or contract to convey to another with all the incident rights and duties of the tenancy." Under the Georgia statute, the rule is otherwise where the tenancy is for less than five years. *Jones* v. *Fuller*, 27 *Ga. App.* 84 (5 *a*) (107 S. E. 544); *Dunlap* v. *George*, 48 *Ga. App.* 341 (172 S. E. 657); Code of 1933, § 61-101. Even though a lessee can not by an assignment of a lease of five years or more, or by a sublease thereunder, free himself from the obligations of the lease without the consent of the lessor, such consent is not necessary to the validity of the sublease. See *Garner* v. *Byard*, 23 *Ga.* 289 (68 Am. D. 527); *Robinson* v. *Perry*, 21 *Ga.* 183, 186 (68 Am. D. 455); *Roberson* v. *Simons*, 109 *Ga.* 360 (34 S. E. 604); *Fletcher* v. *Fletcher*, 123 *Ga.* 470 (51 S. E. 418); *Cuesta* v. *Goldsmith*, 1 *Ga. App.* 48 (57 S. E. 983).

4. A conspiracy upon which a civil action for damages may be founded is a combination between two or more persons to do some act which is a tort, or to do a lawful act by methods which constitute a tort. In the absence of any tort, an alleged mere "conspiracy" does not constitute a cause of action. *Martha Mills* v. *Moseley*, 50 *Ga. App.* 536 (179 S. E. 159).

5. In accordance with the foregoing rules, a subtenant in possession of premises is not liable in an action ex delicto to one, to whom the original lessor subsequently sold the property and assigned the original lease, on account of nonpayment of rents under an alleged "conspiracy" between the subtenant and the original lessee to remain in possession without payment of rents or other compensation. What rights and remedies the plaintiff might have ex contractu are not before the court for determination.

6. The court erred in overruling the general demurrer to the petition.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED MAY 9, 1935. REHEARING DENIED JULY 2, 1935.

*Fleming & Fleming, Cyrus S. Gentry, Malcolm E. Grant,* for plaintiff in error.

*Paul T. Chance,* contra.