25604. STALLINGS *v.* SHELL PETROLEUM CORPORA-
TION.

DECIDED OCTOBER 17, 1936.

*Paul T. Chance, W. K. Miller,* for plaintiff.
*Fleming & Fleming,* for defendant.

JENKINS, P. J. The plaintiff brought a former action ex delicto against the defendant corporation, "on account of nonpayment of rents under an alleged 'conspiracy' between [it as subtenant] and the original lessee to remain in possession [of premises] without payment of rents or other compensation." This court then held that the defendant, as subtenant in possession, was not liable to such an action ex delicto, and that "what rights and remedies the plaintiff might have ex contractu are not before the court for determination." See *Shell Petroleum Corporation*

v. *Stallings*, 51 *Ga. App.* 351 (180 S. E. 654). Thereupon the plaintiff filed the instant action ex contractu against the defendant. Her petition as amended contained two counts: the first being for recovery of rents for use and occupation from October 3, 1932, to October 3, 1934, at $30 a month, amounting to $720; and the second being for recovery of rents from October 3, 1934, to the filing of the petition on July 10, 1935, nine months, amounting to $270. The defendant demurred generally and specially to both counts as amended. The first count contains many of the allegations as to a conspiracy, relied on in the first suit ex delicto, which it was held could not be maintained. The lease to the original lessee in terms provided that the monthly rentals to be paid by the lessee, his heirs and assigns, "shall be paid by them directly to the party holding said lien on said property until such lien shall have been paid off and discharged." It was not alleged that the described incumbrance had been paid. In the sublease from the original lessee to the defendant the subtenant reserved the right only "at its option" to pay any default to the lessor's landlord, and did not obligate itself to do so. There was an averment that since October 3, 1932, the subtenant went into possession and remained in possession of the premises with knowledge of plaintiff's ownership and the obligation to pay rents under the original lease; and that it "has used plaintiff's property, and has failed and refused upon demand to pay plaintiff or the [lien creditor] any rents, or surrender up possession of the said property;" but there was no averment as to when such a demand was made, and whether it was made by plaintiff or the lien creditor. Nor was there any other averment as to whether, how, or when, after the sublease, the plaintiff exercised her right of election to make the subtenant her own tenant. The court sustained a demurrer to the first count and struck it. The plaintiff excepted pendente lite. On the trial of the second count the jury returned a verdict for $300 in favor of plaintiff. She assigned error generally on the final judgment, and on her exceptions pendente lite. The defendant filed a sworn motion to dismiss the writ of error, on the ground that the $300 judgment had been paid and satisfied in full, and that this satisfaction carried with it the exceptions pendente lite. The motion set forth a copy of a notation by counsel for the plaintiff on a letter from counsel for the defendant, sub-

mitting figures: "These seem to be the correct figures under your proposed settlement. Upon receipt of which the judgment will be canceled out." The motion also set forth a copy of receipt for this amount from counsel for the plaintiff, and a copy of the canceled check. There was no traverse or denial of this motion to dismiss. In their brief counsel for the plaintiff state: "For the purpose of this discussion, and *by way of demurrer* to the motion of the defendant, *we admit the facts;* but at the same time we urge that the averments of fact be construed most strongly against the pleader. . . We desire that the court pass upon the merits of this motion." The gist of their contention is that it was necessary for counsel to admit the facts stated in the motion; that the cause of action set up in the first count, which had been stricken and had not been adjudicated, remained intact for further adjudication, irrespective of the payment of the judgment on the second count; and that the record merely shows that "counsel for the defendant negotiated and engineered the settlement and cancellation of the judgment, not under any mistake of fact, but under a mistake of law. He thought, and now insists, that the cancellation precludes further inquiry into plaintiff's exceptions."

■ Where a motion to dismiss a writ of error, based on verified averments of fact dehors the record, is made on the ground that the questions presented have become moot, this court will not determine issues of fact which may be raised by a denial of the averments in the motion, and, after such a traverse, will not dismiss the writ of error. But if the alleged facts are admitted, or even if they are not denied, and they are sufficient as a matter of law to show that the questions in controversy have been settled, the writ of error will be dismissed. *Randolph* v. *Brunswick & Birmingham R. Co.,* 120 *Ga.* 969 (48 S. E. 396); *Tuells* v. *Torras,* 113 *Ga.* 691 (39 S. E. 455), and cit. In the instant case counsel for the plaintiff did not deny, but, "for the purpose of demurrer to the motion," expressly admitted the alleged facts, and stated their "desire that the court pass upon the merits of this motion." This court will determine whether, as a matter of law, the exceptions have become moot.

■ "If a judgment is rendered in favor of the plaintiff, which she thinks too small, she may except and have the question tested,

or she may suppress her dissatisfaction and collect the judgment. She can not do both." *Coley* v. *Coley,* 128 *Ga.* 654 (58 S. E. 205); *Owens* v. *Read Phosphate Co.,* 115 *Ga.* 768 (42 S. E. 62). This rule would be applicable where, as in the instant case, the plaintiff sued in two counts, but recovered only on one. It would be equally applicable whether the decision on one of the counts resulted from a ruling of law by the court on demurrer, or from the direction of a verdict, or from a finding of fact by the jury. In any of these events, in the absence of an express contrary agreement with the defendant, the plaintiff would not be entitled to collect, either by execution or by a voluntary settlement, the judgment obtained on one count, and maintain exceptions upon a failure to recover on the other count, where such exceptions are based upon an assignment of error on the final judgment as rendered. By recognizing the validity and correctness of the judgment, and receiving its fruits, the plaintiff nullifies the assignment of error. Accordingly, under the facts alleged in the motion to dismiss the writ of error, the voluntary settlement of the judgment on the second count, on which error was assigned, destroyed the effectiveness of the exceptions pendente lite to the adverse ruling on demurrer, striking the first count. Therefore the writ of error must be dismissed.

■ Moreover, even if this court could treat the exceptions pendente lite as still open, since they are plainly and clearly without merit, the judgment would have to be affirmed. The count now in question, while sounding ex contractu against a subtenant, contained many of the original averments of the former petition brought ex delicto against the subtenant, which it was held could not be maintained. *Shell Petroleum Corporation* v. *Stallings,* supra. There are no allegations as to how or when, during the period from October 1932, to October 1934, for which rents were claimed, the plaintiff exercised any election to make the subtenant liable for rents, so as to hold it, rather than the original lessee, liable. Furthermore, the original lease provided that the rents should be paid to the lien creditor until the lien was discharged; and there is no averment as to such a discharge, or other allegation which would create any right in the plaintiff to recover such rents. The authorities cited for the plaintiff clearly show the absence of any cause of action in her first count and

the correctness of the judgment striking it. See *Hudson* v. *Stewart,* 110 *Ga.* 37, 39 (35 S. E. 178); *McBurney* v. *McIntyre,* 38 *Ga.* 261; *Lenney* v. *Finley,* 118 *Ga.* 718, 721 (45 S. E. 593). As was held in the *Hudson* case, "the mere fact that an owner of property out of possession does not object to the possession of another person is not sufficient to constitute a tenancy," or an acceptance by the landlord of a subtenant as his immediate tenant; and it is only when the owner elects to make the subtenant his own tenant that he may and must proceed against him. In *McConnell* v. *East Point Land Co.,* 100 *Ga.* 129, 134 (28 S. E. 80), unlike the instant case, there was such an election, since the original lessor took over the rent note itself given to the lessee by the subtenant.

*Writ of error dismissed. Stephens and Sutton, JJ., concur.*