29270.   VEAZEY *v.* SINCLAIR REFINING COMPANY.

DECIDED FEBRUARY 25, 1942.

R. A. *Moore, Sapp & Barnes,* for plaintiff in error.
*Lawson Kelley,* contra.

MacINTYRE, J.   The action here is a dispossessory-warrant proceeding by the landlord against the tenant. The legal evidence shows that A, the owner of a filling-station, leased it to B, the lease being written with a right in B to sublease. B subleased it to C, who went into possession thereof under B. C was a brother of A. C failed to pay the rent. B issued a dispossessory warrant against C, who, as the evidence showed, owed the rent but refused to pay the same. A had not released B by substituting C or otherwise.

It is no reply for C to say merely that he is not the tenant of B, for the reason that when C went into possession of the property under a lease from B, the lessee, C is not permitted to deny the character in which he went in under B. *Burnett* v. *Rich,* 45 *Ga.* 211, 212. It is no reply for C, speaking through A, to say merely that, after A had leased the premises to B, C, the tenant of B, was absent therefrom from November 29 to December 1, 1939, two days, and that the premises were abandoned, and that A, to protect his interest or his property, took possession of the premises, where the evidence demands a finding that A had not released B, his tenant, by substituting C, the subtenant, or otherwise, and the lease was valid and outstanding. See *McConnell* v. *East Point Land Co.,* 100 *Ga.* 129, 134 (28 S. E. 80). This is true whether A went into possession under an agreement with C and acquired his possession from C under C's lease, or whether, irrespective of any agreement with C, A took possession as owner with his lease to B legally outstanding. In the first instance, neither A nor C separately, or both jointly, could have held possession as against B; for "as a general rule 'a tenant shall never be permitted to controvert his landlord's title, or set up against him a title acquired by himself during his tenancy, which is hostile in its character to that which he acknowledged in accepting the demise. And this rule extends to a tenant holding over, as well as to an under-tenant, assignee, or other person claiming under the lease.'" *Grizzard* v. *Roberts,* 110 *Ga.* 41, 44 (35 S. E. 291). See *Willis* v. *Harrell,* 118 *Ga.* 906 (10); *Johnson* v. *Thrower,* 117 *Ga.* 1007 (3) (44 S. E. 846). In the second instance, A can not claim possession as against B, because A had leased the premises to B, and the lease was valid and outstanding. A's lease was with B when B subleased to C. The absence of C, whether temporary or permanent, from the premises was a matter between B and C; and so far as A was concerned, while his lease was legally outstanding, B could rent to another tenant, or even allow the property to remain vacant, so long as his lease with A was valid and outstanding and he complied with the terms thereof. See Code, § 29-111; *Dorough* v. *Morris,* 21 *Ga. App.* 477 (2) (94 S. E. 641).

The warrant proceeding was by B against C, to dispossess him for non-payment of rent. The counter-affidavit was by C. C's lease had not expired, nor had he paid the rent or surrendered the

possession to B, the person from whom he had rented, and he could not set up a superior title in A, the owner of the premises, who had leased it to B, who in turn had subleased it to C. "By entering under the landlord he [C] admits his title, and the law will not permit him to assume an inconsistent position, either by attorning to any one else as his landlord, or by claiming himself title to the premises." *Johnson* v. *Thrower,* supra. The owner A had not by any affirmative action shown that he had elected to treat C, the subtenant, as his tenant, or to release B, the tenant. *Hudson* v. *Stewart,* 110 *Ga.* 37, 39 (35 S. E. 178). The judge did not err in directing the verdict in favor of B against C.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*