## 19242. BATEMAN *v.* PATTERSON *et al.*

CANDLER, Justice. The petition in this case was amended several times. As amended, it alleged in substance the following: The Peoples' Bank of Fort Valley was a private bank owned and operated exclusively by the defendant, E. C. Patterson. On November 12, 13, 15, 16, and 17, 1954, the plaintiff, W. C. Bateman, who was not a customer of the defendant's bank, purchased from it five cashier's checks aggregating in amount $522.33. The checks were payable to City Bank & Trust Company of Macon, Georgia. They were purchased by the plaintiff for the sole purpose of transmitting funds to the payee bank, and the money which the plaintiff paid for them was to be used by the defendant for the specific purpose of paying them when presented. The People's Bank closed its doors and ceased to do business on November 18, 1954; and, on presentation of the checks, in due course, payment thereof was refused, and they have not been since paid. When the checks were purchased, the defendant knew that he was insolvent, but the plaintiff had no knowledge of such fact. On petition therefor, to which the plaintiff was not a party, a receiver for the defendant was appointed, who took possession of $1,898.75 belonging to the insolvent. This money, by order of the court, was later paid into the registry of the Superior Court of Peach County by the receiver, and he was then discharged from his receivership. On voluntary petition therefor, the defendant was adjudged to be a bankrupt on March 19, 1955, and D. W. Wells was appointed and qualified as trustee of his estate. For value received, City Bank and Trust Company assigned the five cashier's checks to the plaintiff. There are prayers that the money in the registry of the court be impressed with a trust to the extent of the plaintiff's claim for $522.38; that J. Leonard Wilson, Clerk of the Peach County Superior Court, be restrained and enjoined from disbursing the money turned over to him by the receiver of the defendant Patterson's estate; that the plaintiff have a judgment in rem against the impounded fund for the full amount of his demand; and that Wilson, clerk of the court, be ordered to pay his judgment from the money he so holds. Over objections made and urged thereto by the plaintiff, the trustee in bankruptcy was allowed to intervene only for the purpose of demurring generally to the amended petition and moving for its dismissal. The defendant Patterson, over objections by the plaintiff, was also permitted to file a general demurrer to the amended petition and a motion to dismiss it. Those demurrers and motions to dismiss are similar and attack the sufficiency of the amended petition to state a cause of action for any of the relief sought thereby. On them the amended petition was dismissed, and the plaintiff excepted. *Held:*

1. By operation of law, a trustee in bankruptcy becomes the assignee of the bankrupt's estate, and all title to property which the bankrupt has becomes vested in such assignee. *Home Insurance Company of New York* v. *Hollis,* 53 *Ga.* 659; 11 U. S. C. A. § 110. This being true, there can be no question about the right of a trustee in bankruptcy to intervene in a pending equitable suit for the purpose of protecting property rights and property of the bankrupt's estate.

2. Measured by the rulings in *Salzburger Bank* v. *Standard Oil Co.,* 173 *Ga.* 722 (161 S. E. 584, 84 A. L. R. 403); *Grant* v. *Hart,* 192 *Ga.* 153 (14 S. E.

2d 860), and In re Stewart, 178 Fed. 463, the allegations of the amended petition are sufficient to show an implied or constructive trust, arising from the fraudulent manner in which the defendant Patterson obtained the $522.38 which the plaintiff paid him for the five worthless cashier's checks. In the *Salzburger* case, supra, an agent, without knowledge of the financial condition of the bank, but at a time when it was in fact hopelessly insolvent, purchased two cashier's checks from it for the sole purpose of transmitting funds to his principal, and it was there held that, because of fraud, an implied or constructive trust was created, and that the money paid for the checks could be recovered from a subsequently appointed receiver of the bank, even if the identical purchase money did not pass into his hands. The decision in that case was based on the proposition that an implied, or constructive trust, arose because the purchase money was fraudulently obtained and wrongfully used for the purpose of increasing the assets of the insolvent bank. Trusts are implied where, from any fraud, one person obtains the title to property which rightly belongs to another. Code § 108-106 (2). "Constructive [or implied] trusts are such as are raised by equity in respect of property which has been acquired by fraud, or where, though acquired originally without fraud, it is against equity that it should be retained by him who holds it." *O'Neal* v. *O'Neal*, 176 *Ga.* 418 (2) (168 S. E. 262); *Frick Co.* v. *Taylor*, 94 *Ga.* 683 (21 S. E. 713); *Jenkins* v. *Lane*, 154 *Ga.* 454 (4) (115 S. E. 126). "Trusts are children of equity. . . A court of law may entertain them; but when the case is complicated, especially when it has a flavor of fraud, equity will not banish them, and remit the parties to another forum." *Kupferman* v. *McGehee*, 63 *Ga.* 250 (4). As against a trustee·ex maleficio, the person injured is entitled to recover the property wrongfully obtained or in equity subject it and its income to such a trust; and if the trust property cannot be traced, the fact that an action might have been brought at law for damages or that the plaintiff may in his suit to establish the trust also seek a money judgment for the proceeds of the trust property, will not divest equity of jurisdiction. *Grant* v. *Hart*, supra, and citations. Hence, in this case, it was error for the trial judge to sustain a general demurrer interposed by the trustee in bankruptcy and also to sustain his motion to dismiss the amended petition, the motion to dismiss being based on grounds substantially the same as those contained in his demurrer.

3. Since the attack made on the amended petition by the demurrers and motions to dismiss as interposed and made by the trustee in bankruptcy and the defendant Patterson are in all material respects the same, the plaintiff was not injured by the pleadings filed over his objections by the defendant Patterson, even if it were erroneous to permit him to do so. Error without injury never requires a reversal.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., not participating.*

ARGUED FEBRUARY 13, 1956—DECIDED MARCH 12, 1956.

*Robert E. Lanyon,* for plaintiff in error.

*Clarence W. Walton, D. W. Wells, Geo. B. Culpepper, Jr.,* contra.