## 42028. GARRETT v. COLUMBUS REALTY COMPANY.

EBERHARDT, Judge. 1. A petition for declaratory judgment alleging that plaintiff's lease on a store building in a shopping center provides that a parking area, as shown on a map of the shopping center, should be left open for the public and persons having business with the occupants of the stores in the center, and that contrary to the terms of the lease the owner of the center had taken away 69 of the 487 parking spaces by leasing the area comprising them to another who has constructed thereon a building, with no allegation that plaintiff has tendered or expects to tender a surrender of his own lease because of violation of its terms, but which appropriation of the 69 spaces he contends amounts to a partial eviction, is subject to a general demurrer. It appears that plaintiff's rights had accrued before bringing the action (*Allen Publications v. Ga. &c. Retailers*, 219 Ga. 665, 671 (135 SE2d 330)), and that he is not "walking in the dark." *Venable v. Dallas*, 212 Ga. 595 (94 SE2d 416); *Hatcher v. Georgia Farm Bureau &c. Co.*, 112 Ga. App. 711, 715 (3) (146 SE2d 535).

2. Plaintiff alleges that the lease obligates the defendant to leave open the entire parking area, as shown on the plat, that it affords him, his customers and employees the right to use the spaces therein, and attaches a copy of the lease containing these provisions. He alleges that, contrary to the lease pro-

visions, they have been denied the use of spaces in the area leased to Columbus Bank & Trust Company, and that there has been a breach by the lessor of these lease obligations. He then asserts that this results in "uncertainty and insecurity with respect to the propriety of his act or conduct towards said lease, since any act on his part to terminate said lease would, without direction, seriously jeopardize his position." He does not allege what act or conduct toward the lease he proposes to take, when he proposes to take it, or wherein there is any uncertainty as to the lease provisions upon which he relies. What he seeks is an advisory opinion from the court, for which the Declaratory Judgments Act (*Code Ann. Ch.* 110-11) makes no provision. *Village of North Atlanta v. Cook,* 219 Ga. 316, 320 (133 SE2d 585). Sustaining of the general demurrer was proper.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*

ARGUED MAY 4, 1966—DECIDED MAY 30, 1966— REHEARING DENIED JUNE 14, 1966—

*Ray, Owens, Keil & Hirsch, Milton Hirsch,* for appellant.
*Hatcher, Stubbs, Land & Rothschild, A. J. Land,* for appellee.