24215. McLARTY v. SPRINGFIELD LIFE INSURANCE COMPANY, INC.

ARGUED SEPTEMBER 13, 1967—DECIDED OCTOBER 20, 1967.

*Troutman, Sams, Schroder & Lockerman, Allen E. Lockerman, Gerald P. Thurmond,* for appellant.

*Henry M. Quillian, Jr., Bryan, Carter, Ansley & Smith, Charles C. Benedict,* for appellee.

FRANKUM, Justice. The appeal in this case is from an order of the Judge of the Superior Court of Fulton County enjoining and restraining the appellant from prosecuting an action on a sickness and accident insurance policy against the appellee in the Civil Court of Fulton County. It appears from the pleadings that the appellee, on August 4, 1965, issued to the appellant a policy of insurance insuring her against loss resulting from sickness contracted and commencing while the policy is in force and also against bodily injury resulting from accident occurring while the policy is in force. Attached to and made a part of the policy was the written application for insurance submitted by the appellant, containing answers to questions regarding the condition of her health at the time of and prior to the application. Appellee issued the policy in reliance upon the truthfulness of appellant's answers to the questions contained in the application. The policy contained a clause rendering it incontestable after it had been in force and effect for a period of two years during the lifetime of the insured. On the 28th day of February, 1967,

the appellee filed in the Superior Court of Fulton County its equitable petition seeking a rescission and cancellation of the policy on the grounds of material misrepresentations by the defendant as to the prior state of her health as contained in the application for insurance. Thereafter, the appellee filed its supplemental petition for an injunction therein seeking to enjoin an action at law previously filed in the Civil Court of Fulton County wherein the defendant sought to recover from the insurance company certain medical, hospital and surgical expenses allegedly incurred by her for which she claimed the right to reimbursement under the terms of the policy. A rule nisi was issued on the petition for injunction, and on the date therein set the Judge of the Superior Court of Fulton County "after the appearance of counsel for both parties, citation of authority and argument of counsel" ordered that further proceedings in the appellant's suit against the appellee then pending in the Civil Court of Fulton County be permanently enjoined and restrained, and "that the Superior Court, Atlanta Judicial Circuit, takes jurisdiction of all issues in dispute between the parties." In her appeal to this court the appellant contends that if appellee is entitled to the relief which it seeks, a judgment and verdict for the appellee in the suit pending in the Civil Court of Fulton County would as effectually cancel the insurance contract and rescind it as would a decree in equity and that such a judgment would be conclusive against present or future enforcement of the insurance contract and that, therefore, the appellee has a complete and adequate remedy at law.

We think that this contention of the appellant is meritorious. The suit at law in the Civil Court of Fulton County was commenced within two years from the date the policy was issued. While that court has no jurisdiction to grant affirmative equitable relief, it can entertain equitable pleas of a purely defensive nature. *Hecht v. Snook & Austin Co.*, 114 Ga. 921 (41 SE 74); *House v. Oliver*, 123 Ga. 784 (1) (51 SE 722). Hence the appellee could have filed in the Civil Court of Fulton County the purely defensive plea that it was not liable on the claim because the policy sued on was void by reason of fraud in its procurement. If the defendant there had filed other defenses and the

case had been tried prior to September 1, 1967, under the provisions of the then existing *Code* § 110-102, the defendant could have required the jury, in the event they found a verdict for the defendant, to specify upon which defense they found. *Crockett & Co. v. Garrard & Co.*, 4 Ga. App. 360 (1a) (61 SE 552). Since the case yet remains to be tried, the appellee has a similar remedy by way of requesting that the judge instruct the jury to return a special verdict, which under the broad provisions of § 49 of the 1966 Civil Practice Act as amended (Ga. L. 1966, pp. 609, 656; Ga. L. 1967, pp. 226, 236; *Code Ann.* § 81A-149) may be so molded as to specifically decide any question made by the pleadings and the evidence. A judgment for the defendant in such case based on a verdict specifically finding in favor of the contention of the defendant that the policy was void because of fraud in its procurement would be an adjudication that the policy in question is void, would deny a recovery in the suit pending and would constitute res judicata against recovery in any future action thereon. It follows that the appellee-insurance company had a complete and adequate remedy at law and that the Judge of the Superior Court of Fulton County erred in entertaining the petition for injunction and in enjoining the proceedings in the Civil Court of Fulton County.

*Judgment reversed. All the Justices concur.*