## 46076.   EMPIRE SHOE COMPANY INC.
### v. REGAL SHOE SHOPS et al.

EVANS, Judge. Regal Shoe Shops, a division of Wohl Shoe Company, as plaintiff, filed a sworn complaint in the Civil Court of Fulton County against Empire Shoe Co., Inc., as defendant, which complaint, in essence, alleged that plaintiff was landlord

and defendant was tenant holding over and beyond his term, and praying possession of certain premises on Peachtree Street in Atlanta, Georgia, operated as a shoe store. Defendant answered, and, inter alia, contended that approximately 10 years ago Regal was operating a shoe store at said location and was losing money; that Regal sold its business, including its good will, to Empire, who built the business into a profitable enterprise; that prior to expiration of the lease, Empire sought to renew same with the agent of the true owner, but was told that it was too early to consider renewal; that subsequently, unknown to Empire, Regal acquired a lease on said property, and, in effect, is seeking to re-acquire the business it sold after Empire has built said business up from a losing venture to a profitable enterprise. Empire contends that Regal should not be permitted by law or equity to sell the business to Empire and to then re-acquire it by secretly acquiring a lease on the property.

The title to said premises, at the time of the dispossessory proceeding, was vested in Trust Company of Georgia, Trustee, and Regal Shoe Shops made said trustee an involuntary plaintiff in the action.

Empire further contended that it had filed an action in the Superior Court of Fulton County against Regal et al., on February 24, 1970, which action was removed to the United States District Court. Empire contends that Regal "should have raised an affirmative defense, as by law required, that cause of action which it is attempting erroneously to put forth herein." It was not shown what disposition, if any, had been made of the action removed to United States District Court, but by brief counsel states it was remanded and temporary injunctive relief was denied. Empire also contended that Regal, not being the owner of the premises, was not entitled to prosecute a dispossessory proceeding against Empire under the provisions of *Code* § 61-301.

The trial judge granted Regal's motion for partial summary judgment, holding that Regal had the right to immediate possession, and from that judgment Empire appeals to this court: *Held:*

1. Empire Shoe Co. Inc., the appellant, should have sought to require the lease to be held by the plaintiff as constructive trustee for the benefit of the defendant. But this relief could be rendered only by a court of equity, and, of course, the Civil Court of Fulton County is without jurisdiction to grant equitable relief where same is sought by a defendant as an affirmative defense. See *House v. Oliver,* 123 Ga. 784 (51 SE 722); *McLarty v. Springfield Life Ins. Co.,* 223 Ga. 707 (157 SE2d 735); *Garrison Motor Co. v. Parrish,* 52 Ga. App. 766, 771 (184 SE 766). No Georgia authorities are cited directly in point, but the leading and strongest authority cited by appellant in support of its position is that of Fine v. Lawless, 139 Tenn. 160 (201 SW 160) which holds in effect that the seller may not take a renewal lease which operates to oust its purchaser, and if it does so, it holds the lease for benefit of the purchaser. This holding is premised on a condition that the business, including its "good will" has been sold, and that a privity of contract is created between seller and purchaser thereby. But the fifth headnote of this case makes it quite clear that the purchaser's remedy will be protected only by a court of *equity.* See in this connection *O'Neal v. O'Neal,* 176 Ga. 418 (168 SE 262); *Bateman v. Patterson,* 212 Ga. 284 (92 SE2d 8); *Hodges v. Hodges,* 213 Ga. 689 (100 SE2d 888); *Lucas v. Bonner,* 216 Ga. 334 (116 SE2d 548); *Wells v. Wells,* 216 Ga. 384 (116 SE2d 586); *Lanier v. Dyer,* 222 Ga. 30 (148 SE2d 432); *Wall v. Wall,* 176 Ga. 757 (4) (168 SE 893). Again, the Civil Court of Fulton County is without equitable jurisdiction to grant affirmative equitable relief, even where it is asserted as a defense since the court must declare an implied or constructive trust.

2. There is no merit in Empire's contention that Regal could not prosecute the dispossessory warrant because it was not the true owner of the premises. See *Wall Realty Co. v. Leslie,* 54 Ga. App. 560 (1) (188 SE 600); *Veazey v. Sinclair Ref. Co.,* 66 Ga. App. 730 (19 SE2d 53). See also § 19 CPA (Ga. L. 1966, pp. 609, 630; *Code Ann.* § 81A-119 (a)).

3. Based on the question of law as made by the pleadings and evidence considered, the court did not err in granting the motion for partial summary judgment.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*
ARGUED APRIL 7, 1971—DECIDED APRIL 30, 1971—
REHEARING DENIED MAY 20, 1971.

*Shulman, Alembik & Rosenbluth, Arnold Shulman, Jerrell P. Rosenbluth,* for appellant.

*Hansell, Post, Brandon & Dorsey, Terrence Lee Croft, Bryan, Cave, McPheeters & McRoberts, Veryl L. Riddle, Robert F. Scoular, King & Spalding, Jack H. Watson, Jr., Joseph B. Hayes,* for appellees.