### 46991. COATS & CLARK, INC. v. DOMESTIC LOANS OF ALBANY, INC. et al.

EVANS, Judge. Coats & Clark, Inc., filed a petition for declaratory judgment, alleging a summons of garnishment issued from the City Court of Albany had been served upon it in the case of Domestic Loans of Albany, Inc., against Clem Thomas, defendant in garnishment. Plaintiff named Domestic Loans, its attorney Charles W. Hill, and Judge Pro Hac William T. Jones as defendants. It alleges the actual controversy between the parties is the question of the time the summons of garnishment is returnable, and that as plaintiff does not know what is the proper term of court to make its answer, there is danger that a judgment may be entered against it unless a stay is granted preventing the defendants from taking a judgment against plaintiff until this controversy is settled. Motions to dismiss were filed by defendants, and upon hearing them, same were dismissed. The appeal is from that judgment. *Held:*

It appears from the petition for declaratory judgment that there is another proceeding now pending between the defendant, Domestic Loans, and the plaintiff, although Hill as its attorney, and Jones, as the judge, are only incidentally involved. All issues to be determined should be filed in the original court, which is of competent jurisdiction. Plaintiff has an adequate remedy at law available to him in that he may secure an answer to his question in the first action between these parties. It cannot avail itself of an advisory opinion in another court.

*Darnell v. Tate,* 206 Ga. 576 (2) (58 SE2d 160). Further, the requirement that plaintiff answer summons of garnishment has accrued; and plaintiff must answer or suffer a judgment against it. *State of Ga. v. Hospital Authority,* 213 Ga. 894, 898 (102 SE2d 543). In the cases of *Village of North Atlanta v. Cook,* 219 Ga. 316, 320 (133 SE2d 585); and *Garrett v. Columbus Realty Co.,* 113 Ga. App. 835 (149 SE2d 757), it is held that the Declaratory Judgments Act does not provide for advisory opinions.

The situation is different when the court of competent jurisdiction has no equity jurisdiction, and the plaintiff seeks affirmative *equitable* relief. In such case the entire case may be transferred to a court of equity. *Empire Shoe Co. v. Regal Shoe Shops,* 123 Ga. App. 796 (1) (182 SE2d 796), and cases cited at page 798. But that situation is not involved in the case sub judice. The court did not err in dismissing the petition.

*Judgment affirmed. Bell, C. J., concurs. Eberhardt, J., concurs in the judgment only.*

SUBMITTED MARCH 7, 1972—DECIDED MARCH 17, 1972.

*Durden & Durden, A. N. Durden,* for appellant.
*Charles W. Hill, William T. Jones,* for appellees.