46401.   JENKINS v. THOMAS.

ARGUED JUNE 28, 1971—DECIDED JULY 16, 1971.

*Henry L. Bowden, Ralph H. Witt,* for appellant.

*Albert M. Horn,* for appellee.

Deen, Judge. ■ The briefs of counsel for both parties are replete with authority going to the question of whether or not the petition here is one of which equity will take cognizance. We transferred the case to the Supreme Court, which promptly returned it to our jurisdiction. It is accordingly settled that the jurisdiction of the trial court, if it exists, cannot be grounded in equity, since jurisdiction of the equity case would have been in the Supreme Court regardless of the fact that questions regarding the constitutionality of an ordinance are to be decided by the Court of Appeals.

■ "The general rule is that a court under a declaratory judgment proceeding does not have the right to determine whether a statute or ordinance is, abstractly, valid or invalid. . . [I]t is well settled in this State that before a law or municipal ordinance can be attacked by any person on the ground of its unconstitutionality, he must show that its enforcement is an infringement upon his rights of person or property. . . And neither a threat of arrest nor threats of repeated arrests amount to interference with person or property rights. *Paulk v. Sycamore,* 104 Ga. 24 (30 SE 417, 41 LRA 772, 69 ASR 128)." *City of Nashville v. Snow,* 204 Ga. 371, 378 (49 SE2d 808). The petition in this case shows only that (a) plaintiff is a dancer; (b) she wishes to dance topless; (c) that other places of entertainment in Atlanta permit the exposure of female breasts under sheer transparent nylon net; movie houses regularly show pictures with completely nude females therein; and (d) local police have informed her they will consider topless dancing to be indecent, immoral or lewd so as to expose her to criminal penalties resulting from violation of a local ordinance. The night club owners are not parties to this action, for which reason no adjudication of their possible loss of license under the circumstances would be proper at this time. Plaintiff does state in an affidavit appearing in the record that she has had to obtain a police permit to work, and the trial judge cited the probable loss of this permit as a reason for accepting jurisdiction; however, the same affidavit shows not only that topless dancing is not a part of the plaintiff's employment contract but that the employer has in fact prohibited

her from doing so while the ordinance is in effect. Thus, her right to dance is not impaired but only the manner of dancing. No property right of the plaintiff is therefore at stake, at least no property right of the sort involved in *Jenkins v. Manry,* 216 Ga. 538 (118 SE2d 91) where the plaintiff alleged that he had been unconstitutionally deprived of a license, that he had a contract for work for which such license was essential, and that he was thereby being barred from his sole means of livelihood. While there is substantial authority to the contrary (see cases cited in 10 ALR3d 727, Anno., "Validity, Construction, and Application of Criminal Statutes or Ordinances as Proper Subject for Declaratory Judgment") in Georgia an actual justiciable controversy must be shown since mere advisory relief will not be granted. *Cook v. Sikes,* 210 Ga. 722 (82 SE2d 641); *Village of North Atlanta v. Cook,* 219 Ga. 316 (133 SE2d 585); *Garrett v. Columbus Realty Co.,* 113 Ga. App. 835 (149 SE2d 757); *Henderson v. Alverson,* 217 Ga. 541 (123 SE2d 721).

As to the possible infringement of First Amendment freedoms, and the fact that fear of arrest under a possibly unconstitutional ordinance is involved, it is infinitely preferable to try the issues involved after rather than before the fact. It could then be determined whether the "exotic and artistic" dance of expertism which the plaintiff desires to perform is one which, absent the ordinance in dispute here, she might perform without running afoul of other criminal sanctions of this State as, for example, *Code Ann.* § 26-2011 penalizing public indecency which is defined in subsection (c) as "a lewd appearance in a state of partial or complete nudity." Whether either the ordinance or the statute is in fact unconstitutional is another problem, but since plaintiff urges that if she danced topless she would be arrested for this reason alone as one performing a "lewd dance" in a public place, and since the state law forbids "a lewd appearance in a state of partial nudity" in a public place, and since in order to dance one must appear, it seems highly likely that if the plaintiff were guilty under the ordinance she would also be guilty under the statute and vice versa. This must be assumed because under the allegations the dance would be challenged on the basis of nudity only. Until the validity of the statute is challenged we must assume that it is viable. *Cutts & Johnson v. Hardee,* 38 Ga. 350 (1). Also, as to First

Amendment freedoms compare State v. Nelson, (Iowa, 1970), 178 N. W. 2d 434, wherein persons were convicted of indecent exposure under an Iowa statute on a charge that they undressed at a public meeting to protest exploitation of the human body by Playboy Magazine, the court holding: that, the Statute making it a crime to decidedly make an open or indecent or obscene exposure of the person is not a regulation of communication for purpose of constitutional protection of free expression since it is aimed at regulating and punishing public exposure of the body, citing I.C.A. § 725.1; U.S.C.A Const. Amend. 1.

Special laws may not be enacted in any case for which provision has been made by an existing general law. Art. I, Sec. IV, Par. I, Constitution of Georgia (*Code Ann.* § 2-401); *City of Columbus v. Atlanta Cigar Co.,* 111 Ga. App. 774 (143 SE2d 416); *Giles v. Gibson,* 208 Ga. 850, supra; *Jenkins v. Jones,* 209 Ga. 758 (75 SE2d 815). If *Code Ann.* § 26-2011 (c) is constitutional, and if the particular dance which the plaintiff wishes to do comes within its prohibition, then a conviction under the ordinance would be void so long as the State statute is in effect. *Giles v. Gibson,* 208 Ga. 850, supra. Thus, the parallel argument of the plaintiff that the ordinance is unconstitutional by First Amendment standards as denying her freedom of expression depends upon whether or not the dance she has in mind to perform would be permissible under *Code Ann.* § 26-2011 (c). No attack is made on the statute, and the dance has not been performed. Under these circumstances it is highly uncertain that a decision as to the ordinance would be effective to decide the issue, or that it is necessary in order to relieve her from risk of taking future undirected action incident to her rights, which action without direction would jeopardize her interests. What is obvious is that the state statute has pre-empted the field of indecent exposure so far as public appearance is concerned under the narrow factual situation which the plaintiff outlines, and under the assumption that except for the partial nudity the dance would be unobjectionable. Therefore, a decision as to the validity of the ordinance would be abstract or advisory only by its very nature.

It was error to deny the motion to dismiss the complaint.

*Judgment reversed. Bell, C. J., and Pannell, J., concur.*