## 51151. HARPER v. THE STATE.

DEEN, Presiding Judge.

The defendant and three companions were arrested for violation of a city ordinance "creating a turmoil, fighting." The ordinance, § 20-7 reads: "It shall be unlawful for any person within the corporate limits of the City of Atlanta to violate any of the following subsections of this section: (a) Any person who shall cause, provoke or engage in any fight, brawl or riotous conduct so as to endanger the life, limb, health or property of another." He was searched at the site and found to possess some quantity of pentobarbital and methaqualone on his person. Charged with a violation of the Georgia Controlled Substances Act he moved to suppress, and appeals from the denial of the motion via certificate of immediate review. *Held:*

The state's witness, a police officer, testified that he went to a parking lot in the rear of a night club because of information that there was a gang fight going on. On arrival he noticed two groups of people apparently having altercations and a number of others leaving the club. The defendant's group of three or four was nearest to him, having an argument, pushing and shoving. Everybody was loud. Asked whether the defendant was egging somebody else on, arguing with somebody, or trying to get somebody not to go back into the club, he said it could be one or all three. "Whether or not he was personally shoving or pushing, the four of them were involved in that

activity when I came up." He did not see Harper strike anyone, but the group was pushing and pulling or shoving. They ceased and attempted to disperse when he arrived. The defendant's explanation was that three of them were attempting to leave while the fourth wanted to re-enter the club. There is no evidence that any member of this subgroup was belligerent, that the defendant provoked or engaged in a fight, or that there was any conduct sufficient to endanger the life, limb, health or property of another. There is no contention that the defendant or his companions were engaged in the "gang fight," report of which caused the officer to go to the parking lot in the first instance.

This section of the ordinance is apparently designed to apply to incidents where there is no attempt to commit a violent injury (Code § 26-1301, assault) and no physical contact either provocative or productive of physical harm (Code § 26-1304, simple battery) but which nevertheless endanger one's physical wellbeing or property. The ordinance of course may not infringe upon the acts made penal by state law. Constitution of Georgia Art. I, Par. IV, Sec. I; *Jenkins v. Thomas,* 124 Ga. App. 286 (c) (183 SE2d 489). We are somewhat dubious as to what acts could fit into these narrow confines, but are satisfied that those testified to here do not do so. Nor do they amount to probable cause to believe the ordinance was being violated, where the officer neither saw nor heard anything which caused him to believe the person or property of others was being endangered. Had the commotion of this particular group continued after his arrival, or had it appeared that it was a part of a larger fracas, we might reach a different conclusion. As it is, there was no cause for arrest within the purview of the city ordinance, from which it follows that the warrantless search and seizure are not legally supportable. Code § 27-207. Where the defendant has committed no crime in the presence of the arresting officer, and the latter has no valid warrant, the arrest without a warrant will not justify the search, the result of which forms the basis of the charge. *Bethea v. State,* 127 Ga. App. 97 (192 SE2d 554). The trial court erred in denying the motion.

*Judgment reversed. Evans and Stolz, JJ., concur.*

SUBMITTED SEPTEMBER 10, 1975 — DECIDED SEPTEMBER 30, 1975.

*Glenn Zell,* for appellant.
*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney,* for appellee.