## 51221. MITCHELL v. THE STATE.

PANNELL, Presiding Judge.

The defendant-appellant was charged, tried and convicted of two offenses; one, a violation of the Georgia Controlled Substances Act, the possession of less than one ounce of marijuana (Ga. L. 1974, p. 221; 1975, p. 1112; Code Ann. § 79A-811 (j)), and two, giving a false name to a police officer in discharge of his official duties. Code § 26-2506. He appeals to this court enumerating error on various actions of the trial judge, on the general grounds under the evidence, and the overruling of a motion to suppress certain evidence. *Held:*

1. The motion to suppress was properly overruled. The marijuana was discovered in a pat down search after ample grounds to arrest. The defendant was stopped for failing to dim his lights. When asked, he exhibited a driver's license with his picture thereon and the name Lester Long signed thereon. When other officers arrived on the scene he was identified as William Mitchell, Jr. He was then advised that he was under arrest for giving a false name to a police officer, the pat down then occurred and the officer felt something like a pistol barrel, reached in the pocket and found the marijuana rolled in a piece of cardboard with a rubber band around it. There was ample cause to arrest the defendant and make the search. See Code § 27-207. There was no error in overruling the motion to suppress.

2. After a jury had been impaneled to try the case, the appellant complained that his counsel employed by him had not asked enough questions on the voir dire examination and stated that he did not think he was getting a fair trial. No request was made to the trial judge to take any action, and none was taken, other than to assure the defendant that his selected attorney was capable and that he would have a fair trial. No action of the trial judge being sought and no ruling having been made, nothing is presented for review by this court. Further under the circumstances here, appellant-defendant chose and employed his own counsel as he had a right to do (Code § 2-105; *Andrews v. State,* 196 Ga. 84, 93 (26 SE2d 263)), and one he had previously employed in other cases, and he was not legally harmed by

the trial judge's failure, on his own motion, to voluntarily permit the defendant, after the trial began, to discontinue the trial to permit other counsel to be employed by the defendant. See in this connection, United States v. Casey, 480 F2d 151, cert. den., 414 U. S. 1045 (94 SC 550, 38 LE2d 336); United States v. Woods, 487 F2d 1218.

3. Error is enumerated on certain remarks of the trial judge made out of the hearing of the jury in the matter ruled upon in Division 2 above, the complaint being that the remarks indicated the trial judge was biased and prejudiced against the defendant. Inasmuch as the remarks made were out of the hearing of the jury, they could not have affected the jury verdict. See, *Jackson v. Seaboard A. L. R.*, 140 Ga. 277 (3) (78 SE 1059); *McDuffie v. State,* 121 Ga. 580 (13) (49 SE 708); *Mehaffey v. State,* 114 Ga. 852 (2) (40 SE 993); *Clenney v. State,* 229 Ga. 561 (192 SE2d 907). Nor do we think the remarks made show bias or prejudice on the part of the trial judge, but only that the trial judge was familiar with the defendant's prior appearances in his court and the defendant's prior use of the same counsel he employed in the present case, and with whose abilities he was no doubt familiar.

4. State's Exhibit No. 2, a driver's license bearing the photo of the defendant and the name Randolph Mitchell, Jr., was introduced in evidence by the state and counsel objected to its admission on the grounds that the driver's license was improperly or illegally obtained by the state. Nothing in the record in this court sustains such assertion. Therefore, there was no error occurring in the admission of the license over such objection.

5. The possession of the packet of marijuana taken from the defendant was accounted for from the time it was taken until it was returned into the court and identified by a witness as marijuana. There was no error in overruling the objection to its admission in evidence on the grounds that it had not been sufficiently accounted for during that period of time.

6. The evidence was amply sufficient to support the verdict on both counts of the indictment.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

Submitted October 8, 1975 — Decided November 20, 1975.

*Hudson John Myers,* for appellant.
*Edward McGarity, District Attorney, Kenneth R. Waldrep, Assistant District Attorney,* for appellee.