## 60074. FARMER v. THE STATE.

BIRDSONG, Judge.

This is an interlocutory appeal of a denial of a motion to suppress evidence and a ruling that a confession was admissible in evidence. Farmer contends the trial court erred (1) by finding that there was probable cause to search appellant or that items seized were admissible; and (2) in finding appellant's oral statement voluntary.

Based on the evidence adduced, the trial court was warranted in concluding the following factual setting. An assistant high school principal (Damron) went into the boys' restroom before classes started on November 21, 1979. Twelve to fifteen boys were gathered around Farmer by the window. Suspecting that Farmer might have been smoking a cigarette in violation of school rules, the school official told him to empty his jacket pockets. When Farmer refused to show the principal what he had in one pocket, Damron attempted to pull Farmer's hand from the jacket pocket. During the ensuing struggle, Damron observed Farmer holding a number of crumpled one dollar bills and what Damron believed to be hand-rolled marijuana cigarettes. Farmer was taken to the principal's office and searched. Neither the cigarettes nor any other marijuana was found on Farmer. Farmer's mother and the police were called. Detective Dodd came to the school and was informed of these facts. Dodd advised Damron to swear out a warrant against Farmer for simple

assault, because Dodd was of the opinion there was insufficient evidence to arrest Farmer for marijuana possession. Thereafter Dodd searched Farmer and found two cigarette packages containing hand-rolled cigarettes hidden in appellant's underwear. Dodd testified that he placed Farmer under arrest for simple assault prior to searching him.

After Farmer was arrested he was advised of his Miranda rights (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)) at the school and then taken to jail. There Farmer was read "a standardized Miranda rights form," and asked if he had any questions about the "rights" form, if he understood "and he acknowledged by signing the Miranda rights form." Thereafter Farmer told Dodd he had been selling marijuana cigarettes in the restroom at the time Damron entered. *Held:*

1. Farmer, an eighteen-year-old student, has confessed that he had been "caught with the goods" as to possession of marijuana.

As to the search we are bound by *State v. Young,* 234 Ga. 488, 495 (216 SE2d 586), wherein that opinion states: "The law recognizes that students through the secondary school grades do not have the maturity of the adult citizen. To the end that they may be formed and educated, they are subject to the control of others in various circumstances. The citizen on the street is subject only to the restraints of the criminal law; but the student in school is subject additionally to all reasonable school rules and regulations. The administrators to whom we accord the right to make such rules and regulations must be allowed to enforce them. See generally, Note, Balancing In Loco Parentis and the Constitution, 26 U. Fla. L. Rev. 271 (1974)."

Presiding Justice Jordan in his special concurrence in that case further stated: "In my opinion the action of the assistant principal was clearly reasonable under the lower standard of reasonableness applicable to a school community situation. A school official stands in loco parentis to the student under his authority. In the performance of his duties he must be allowed reasonable bounds for the preservation of order and discipline."

The search by the school official in the case sub judice was in support of school rules and regulations. It was a minimal and reasonable extension of loco parentis care and control while the student was at school. The fact that a law enforcement officer assisted the teacher and parents at school would not under *Young,* supra, make the questioning, investigation, search, arrest, or confession unreasonable. A school official was present. The appellant's mother was present and stated to Dodd that she had found marijuana on her son before. Dodd was on the school premises with the permission and

apparent consent of school officials and the mother acting under the doctrine of loco parentis. In addition to this appellant voluntarily said he wanted to talk to Dodd. The acts of the latter and the acts of the school officer were within the reasonable bounds of preservation of order and discipline necessary while at the public school.

2. As to the police officer's "strip" search, the assistant principal's disclosure of facts to Dodd that he observed a crumpled packet of hand-rolled cigarettes, a number of one dollar bills, and a group of students gathered around the appellant would give rise to a reasonable belief that school rules probably were being breached and that illicit traffic in drugs was occurring. *State v. Medders,* 153 Ga. App. 680, 681 (266 SE2d 331). The police officer was present only because he was invited by school officials, and he continued the investigation only after being told by appellant's mother that she did not want to handle the situation privately. Thus, the conclusion is irresistible that the officer was acting as an extension of an arm of school discipline at the time of the search. Moreover, in spite of the police officer's belief that probable cause was lacking as to the possession or sale of marijuana because no marijuana ultimately was found by the assistant principal, the trial court still had the independent duty to determine objectively if probable cause was present. We are satisfied that probable cause to arrest and search existed in spite of the subjective feelings of the officer. United States v. Clark, 559 F2d 420, 425 (4) (5th Cir. 1977). But whether the search is supported by a reasonable belief that Farmer illegally possessed marijuana, or was based upon the arrest for simple assault, the search was lawful. The arresting officer was unequivocal in his testimony that the "strip" search did not occur until after appellant had been arrested. There is no real dispute that an assault occurred. It has repeatedly been held that a search incident to a lawful arrest is a lawful search. United States v. Robinson, 414 U. S. 218 (94 SC 467, 38 LE2d 427); *State v. Handspike,* 240 Ga. 176 (240 SE2d 1); *Mitchell v. State,* 136 Ga. App. 658 (222 SE2d 160).

Moreover, we have no hesitancy in concluding that appellant's statement that he had been selling marijuana for a dollar a "stick" was properly admitted. The officer testified he gave a full warning to appellant at the school and later, at the station house had the appellant execute a waiver of rights which included a full Miranda warning. The officer testified that appellant gave every indication of having a full comprehension and understanding of those rights. The trial court was presented with an issue of fact based upon appellant's apparent difficulty with reading. The trial court resolved that issue against the appellant. We find ample evidence to support the conclusions made by the trial court. See *Farley v. State,* 145 Ga. App.

98 (243 SE2d 322) (holding that mental deficiency alone is not enough to establish involuntariness) and *Smith v. State,* 146 Ga. App. 444, 445 (1) (246 SE2d 454) (holding that an arrest for probable cause does not necessarily lead to a coerced statement). The trial court did not err in its denial of the motion to suppress or the admission of Farmer's confession.

*Judgment affirmed. Deen, C. J., Quillian, P. J., McMurray, P. J., Shulman, Banke and Carley, JJ., concur. Smith and Sognier, JJ., dissent.*

ARGUED JUNE 4, 1980 — DECIDED DECEMBER 4, 1980 — REHEARING DENIED DECEMBER 19, 1980 —

*Barry Hazen,* for appellant.
*Steve Williams, District Attorney,* for appellee.

SOGNIER, Judge, dissenting.

I respectfully dissent. Officer Dodd came to the school and was informed of the facts, including the fact that Farmer had been searched and no marijuana was found. Dodd advised Damron, the school official, to swear out a warrant against Farmer for simple assault, as there was not enough evidence to arrest him for marijuana possession. While in the principal's office, Farmer was asked continually by Damron if he was in the restroom selling marijuana. Thereafter, in a separate room (Dodd and Farmer only being present) Dodd, without any request from school officials or anyone else, strip-searched Farmer on his (Dodd's) own authority as a police official. Dodd found two cigarette packages containing handrolled cigarettes hidden in appellant's underwear. Damron, the school official, testified Farmer was not under arrest until arrested by Dodd. The majority presumed that at the time of the strip-search conducted by Officer Dodd he was acting on behalf of the school officials, under the loco parentis doctrine. *State v. Young,* 234 Ga. 488 (216 SE2d 586) (1975). I find no evidence of such agency, expressed or implied.

The threshold question as raised by the appellant is really whether Farmer was under *lawful* arrest at the time of the search. I think not. Code Ann. § 27-207 provides that an arrest for a crime may be made by an officer without a warrant if the offense is committed in his presence, or the offender is attempting to escape, "or for other cause there is likely to be [a] failure of justice for want of an officer to issue a warrant." Our Supreme Court has held that these are the *only* instances in which an officer may make an arrest without a warrant. *Napper v. State,* 200 Ga. 626, 629 (1) (38 SE2d 269) (1946). This court has held that "[w]here the defendant has committed no crime in the

presence of the arresting officer, and the latter has no valid warrant, the arrest without a warrant will not justify the search, the result of which forms the basis of the charge." *Harper v. State,* 135 Ga. App. 924, 925 (219 SE2d 636) (1975). The evidence is clear that the offense was not committed in Dodd's presence, and Farmer was not attempting to escape. The "arrest" occurred about 9:00 a.m. on a weekday morning, "and there is not a particle of evidence to warrant the conclusion or to even arouse a suspicion that there was 'likely to be a failure of justice for want of an officer to issue a warrant.' " *Napper,* supra. In fact, Damron, the school official, had already agreed to go downtown with Dodd and sign an affidavit to obtain a warrant. Thus, the arrest was not authorized.

Assuming, for the sake of argument only, that the arrest was lawful, the search was not authorized under the facts of this case, because it did not come within the parameters of Code Ann. § 27-301. That code provision sets forth the only instances where a warrantless search incident to a lawful arrest is authorized. I am aware of *State v. Handspike,* 240 Ga. 176 (240 SE2d 1) (1977); however, that opinion did not address itself to the four instances authorizing a warrantless search which are set forth in Code Ann. § 27-301, supra.

One of appellant's contentions is that the trial court erred in ruling that because there was a proper warning pursuant to Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694), Farmer's confession was voluntary and therefore admissible.

Setting aside for the moment the issue of Farmer's request for counsel and the Miranda warning, we turn to the question of whether the confession was tainted by the illegal search; i.e., does the "fruit of the poisonous tree doctrine" apply to the confession? This rule provides that any evidence acquired by the police through exploitation of information obtained by means of unlawful conduct is inadmissible in a criminal prosecution. Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 LE2d 441) (1963). Such evidence is considered tainted, and once shown to exist, the prosecution must show that the evidence was not a product of exploitation of the illegally obtained information. Applying this rule to the instant case, the burden is on the prosecution to show that the confession was not obtained as a result of the illegal search of Farmer; i.e., it was procured from an independent source. In Wong Sun, supra, it was held that one factor applicable to situations where the derivative evidence consists of a verbal statement is whether the subsequent statement is "an act of free will." 371 U. S. at 486. Other factors to be considered were set forth in Brown v. Illinois, 422 U. S. 590 (95 SC 2254, 45 LE2d 416) (1975): (1) whether Miranda warnings were given prior to any confessions; (2) the "temporal proximity" of the illegal

police conduct and the verbal statements; (3) the presence of intervening circumstances or events; and (4) the "purpose and flagrancy of the official misconduct." None of these factors, in and of themselves, are determinative of the issue, but are guidelines for determination of the issue. Considering these guidelines, plus the fact that appellant is a mentally dull person who has never passed a reading course in high school (he failed 10 of 13 language arts courses) and that he wanted a lawyer but was given no opportunity to secure one prior to questioning, we do not believe the state has carried its burden of establishing that the confession was not tainted by the illegal search. The record does not disclose any independent derivative evidence obtained by the police; the connection between finding the evidence and the confession was not so attenuated as to remove the taint; immediately after the search Farmer was taken directly to the police station; the confession was obtained approximately one and one-half hours after the marijuana was found, during which time Farmer was placed in a cell by himself; and the Miranda rights were given to Farmer to read, even though he was mentally dull and had never passed a reading course in high school. Hence, under the circumstances of this case, it seems almost axiomatic that Farmer made a statement because he had been "caught with the goods"; in my opinion the statement flowed directly from the illegal search and seizure, and thus was inadmissible under the rule laid down in Wong Sun, supra. Accordingly, it was error to rule the confession was admissible *solely* on the ground that Farmer was advised of his Miranda rights and thereafter made a knowing and intelligent waiver of such rights.

I would rule the confession inadmissible in evidence and would reverse the denial by the trial court of the motion to suppress.

I respectfully dissent.

I am authorized to state that Judge Smith concurs in this dissent.