## 64426. FARMER v. THE STATE.

SOGNIER, Judge.
Possession of marijuana with intent to distribute. Appellant contends it was error to allow into evidence his statement that he was selling Dexatrim, and also appeals on the general grounds.

1. A detailed statement of facts is set forth in our previous decision on interlocutory appeal of this case. *Farmer v. State,* 156 Ga. App. 837 (275 SE2d 774) (1980). In regard to appellant's statement that he had been selling Dexatrim, the evidence disclosed that

appellant was taken into custody by high school officials when he was found in the school restroom under circumstances indicating that he was selling marijuana cigarettes. Police were notified and came to the school, where Detective Dodd was informed that appellant wished to speak to him (Dodd) in private. Dodd then entered an office where appellant was being detained and asked appellant if he wished to speak to Dodd. Farmer said "Yeah" and then told Dodd that the substance Farmer had thrown into a toilet bowl was an "across-the-counter" diet pill — Dexatrim. It is this statement which appellant contends was inadmissible, as he was in custody at the time and had not been advised of his Miranda rights (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694). This contention is without merit.

The possession of a drug which can be purchased without a prescription — an "across-the-counter" diet pill — is not a criminal offense. Thus, appellant's statement was not incriminating. Further, appellant's statement was not the product of interrogation, but was a spontaneous in-custody statement; as such, it is admissible, even in the absence of a Miranda warning. *Tucker v. State,* 237 Ga. 777, 778 (229 SE2d 617) (1976).

2. Appellant contends that the evidence is not sufficient to support the verdict. Suffice it to say that after appellant was placed in custody he was searched, and two packs of handrolled marijuana cigarettes and several one-dollar bills were found in his possession. This court's earlier majority opinion held that appellant voluntarily confessed, after proper Miranda warnings, to selling the cigarettes for one dollar each. *Farmer v. State,* supra. This evidence is more than sufficient to support the verdict and meet the requirements of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 21, 1982.

*Barry M. Hazen,* for appellant.
*Stephen A. Williams, District Attorney, Marcus R. Morris, Assistant District Attorney,* for appellee.