### 66760. BODIFORD v. THE STATE.

CARLEY, Judge.

This court granted appellant's application for an interlocutory appeal from the denial of his motion to suppress.

The evidence adduced at the hearing on the motion to suppress was as follows: An apprehended suspect confessed to perpetrating a burglary and, in so doing, made statements to the police implicating appellant in the commission of the crime. Appellant was already on probation for a previous burglary conviction. At approximately 7:00 on the morning after the burglary, two police officers drove to the home of appellant's girl friend. The officers inquired about appellant's whereabouts and were told by appellant's girl friend that he was not in the house, and that she had not seen him for two weeks. She then gave her consent to a search of her house for appellant. The police officers found appellant in the house hiding in a closet and immediately arrested him without a warrant.

After appellant was taken into the police station, a search was made of the back seat of the police car. During that search, a pill box containing controlled substances was found.

The burglary charge which precipitated the warrantless arrest of appellant was subsequently dismissed. However, based upon the seizure of the drugs in the police vehicle, a petition for revocation of appellant's probation was filed, alleging that he was found in possession of Tranxenx and Triavil. Appellant unsuccessfully sought to suppress the evidence of the controlled substances prior to the revocation hearing on the grounds that his warrantless arrest was illegal and that the fruits of such arrest would be inadmissible.

The state has the burden of proving the lawfulness of appellant's warrantless arrest. *Adams v. State,* 153 Ga. App. 41 (264 SE2d 532) (1980). In *Durden v. State,* 250 Ga. 325, 326 (1) (297 SE2d 237) (1982), our supreme court held that an arrest, "legal under federal law, [is] legal under state law." Under federal law, "an arrest is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the accused had committed or was committing an offense. [Cit.]" *Durden v. State,* supra at 326. Thus, "an arrest meeting the constitutional requirements 'of probable cause [is] valid whether or not [OCGA §

17-4-20 (Code Ann. § 27-207)] was violated.' [Cits.]" *Quick v. State,* 166 Ga. App. 492 (2) (304 SE2d 916) (1983).

The supreme court recently applied this new standard established in *Durden* in a case presenting a factual situation very similar to the case at bar. In *Mincey v. State,* 251 Ga. 255 (304 SE2d 882) (1983), a suspect to a crime was arrested, whereupon he admitted participating in the crime and further named Mincey as another participant. With this information, the officers went to Mincey's residence, called him outside, and then arrested him. Mincey's "arrest outside his home, by officers who had probable cause to believe that he had participated in [the crime], was constitutionally valid. [Cits.]" *Mincey v. State,* supra at 198. Likewise in the instant case, the officers received information that appellant had committed a burglary from an arrested suspect who also admitted committing the crime. With this information, the officers attempted to locate appellant. Appellant was discovered outside his home while attempting to conceal himself from the investigating officers. On this evidence, we find that at "the moment the arrest [was] made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [appellant] had committed . . . an offense." *Durden v. State,* supra at 326. See also *Mincey v. State,* supra; *Cornelius v. State,* 165 Ga. App. 794 (302 SE2d 710) (1983); *Moore v. State,* 155 Ga. App. 721 (1) (272 SE2d 575) (1980). Under the principles of *Durden* and *Mincey,* appellant's warrantless arrest was constitutionally valid.

Based upon the foregoing, it is clear that the abandonment of the controlled substances was not the result of an illegal arrest, and thus is not inadmissible at appellant's revocation of probation hearing. See *Golden v. State,* 163 Ga. App. 519 (295 SE2d 333) (1982).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 7, 1984.

*W. Earl McCall,* for appellant.

*Hobart M. Hind, District Attorney, John W. Hogg, Assistant District Attorney,* for appellee.