## A92A1981. SHELLMAN v. THE STATE.
(427 SE2d 817)

COOPER, Judge.

Appellant appeals his conviction by a jury of armed robbery. He enumerates as error the trial court's charge to the jury on armed robbery and the trial court's refusal to accept appellant's guilty plea to a lesser charge.

The trial transcript reveals that early one morning appellant entered a convenience store. The store clerk noticed something bulging at appellant's waistband, and believing the bulge to be a gun, she activated the silent alarm. Appellant approached the counter and placed a package of cigarettes on the counter. The store clerk rang up the amount of the cigarettes. Appellant then reached into his pants, and the clerk could see something sticking out which looked like a gun barrel. Appellant demanded that the clerk give him all of the money in the drawer, and as the clerk took the money out of the drawer, she set off another alarm. The clerk then gave the money to appellant, and appellant ran out of the store but was subsequently apprehended by the police.

1. In his first enumeration of error, appellant contends that the trial court erred in charging the jury on armed robbery. Appellant argues that the charge was not authorized because there was no evidence of a weapon being used by appellant. The store clerk testified that she saw a bulge on the right side of appellant's waistband which appeared to her to be a gun barrel. She stated further that appellant had something underneath his shirt which he was pointing at her. " 'The presence of a weapon during commission of a robbery, necessary to a conviction for armed robbery, may be established by circumstantial evidence, and a conviction for armed robbery may be sustained even though the weapon itself was neither seen nor accurately described by the victim. Some physical manifestation of a weapon is required, however, or some evidence from which the presence of a weapon may be inferred.' [Cit.]" *Hughes v. State*, 185 Ga. App. 40, 41 (363 SE2d 336) (1987). We conclude that there was evidence from which the presence of a weapon could be inferred. Accordingly, the trial court did not err in charging the jury on armed robbery.

2. In his second enumeration of error, appellant contends that the trial court erred in not accepting his guilty plea to the lesser included offense of robbery by intimidation. After the jury had been selected and before opening statements, appellant attempted to enter

310

a plea of guilty to the lesser charge of robbery by intimidation. However, when the trial judge questioned appellant about the facts of the case, appellant maintained that he argued with the store clerk about short changing him and the clerk gave him the money in the cash register. Appellant also stated that he did not do anything to create a fear of danger in the mind of the store clerk. The trial judge determined that there was no factual basis for the guilty plea because appellant was not admitting his guilt to robbery by intimidation. "[A] trial court is not required to accept a criminal defendant's plea of guilty. [Cits.]" *Echols v. State*, 167 Ga. App. 307, 308 (1) (306 SE2d 324) (1983). In light of appellant's testimony to the court, we find no error in the trial judge's refusal to accept appellant's guilty plea.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 9, 1993.

Jon G. Branan, for appellant.

Dupont K. Cheney, District Attorney, Charles D. Howard, Assistant District Attorney, for appellee.