A93A0658. SAMPSON v. THE STATE.
(433 SE2d 136)

BIRDSONG, Presiding Judge.

Warren Carey Sampson appeals his convictions of terroristic threats, battery (three counts), simple battery, armed robbery (two counts), and aggravated assault. He contends the trial court erred by

denying his motion for a new trial based on the insufficiency of the evidence, erred by denying his motion to suppress a statement made to the police because he had not been properly warned of his constitutional rights, erred by denying his motion to suppress the statement because it put his character in issue, and erred by denying his motion to suppress a box cutter knife which Sampson contends was discovered in an illegal search.

The record shows that four men, in separate incidents, were accosted by a man later identified as Sampson. The first victim testified that Sampson hit him on the arm and in the face and told him that if Sampson found him in the park again he would kill him. This victim also testified that later he saw Sampson again, and again Sampson threatened to kill him.

Another man identified Sampson as the man who put a knife to his throat and demanded money, saying that he would cut the victim's throat. This victim also testified that he gave Sampson his wallet, and fled while Sampson was going through his wallet.

Still another victim identified Sampson as the man who demanded his jewelry and money and cut him on the side and back when he said he had no money. The evidence showed the cut on this victim's back was ten inches long.

The last victim testified that he was attacked by Sampson, and while he did not see a weapon, he received a ten-inch cut on his back that required 101 stitches to close. The man reported that his attacker wore a shirt with the name "Warren" on it.

Subsequently, acting on an anonymous tip that the man responsible for these attacks would be leaving town by bus, police officers went to the bus station to see if they could locate the suspect. When a man closely matching the given description arrived, an officer approached the suspect, Sampson, and asked if he would mind going with him to the police station. Sampson agreed, and after arriving at the station, a photograph was taken of Sampson and used in a photo-lineup from which two victims identified Sampson as the man who had attacked them. Sampson was then placed under arrest. An inventory of his luggage revealed a box cutter knife. *Held*:

1. Sampson contends the trial court erred by denying his motion for a new trial because the evidence was insufficient to prove corroboration of the communication of the terroristic threat and insufficient to prove armed robbery with an offensive weapon because the victim did not see a knife and was not cut or bruised. Sampson also contends that one victim's confusion about his age was sufficient to create a reasonable doubt.

This court must view the evidence in the light most favorable to the verdict. Sampson is no longer presumed innocent, and we will determine the sufficiency, not the weight of the evidence, and will not

judge the credibility of the witnesses. *Grant v. State*, 195 Ga. App. 463 (393 SE2d 737). Further, we will not speculate which evidence the jury chose to believe or disbelieve. *Mills v. State*, 137 Ga. App. 305, 306 (223 SE2d 498).

Regarding the alleged failure of corroboration, OCGA § 16-11-37 (a) provides, in part: "No person shall be convicted under this subsection on the uncorroborated testimony of the party to whom the threat is communicated." Nevertheless, corroborating circumstances may dispense with the necessity for the testimony of a second witness. OCGA § 24-4-8. Further, "OCGA § 16-11-37 does not specify how the testimony must be corroborated. As in rape cases, the quantum of corroboration need not in itself be sufficient to convict, but need only be that amount of independent evidence which tends to prove that the incident occurred as alleged. Slight circumstances may be sufficient for corroboration and the question of corroboration is one solely for the jury. If there is any evidence of corroboration, this court will not go behind the jury verdict and pass on its probative value." (Citations and punctuation omitted.) *Ellis v. State*, 176 Ga. App. 384, 386 (3) (336 SE2d 281). In this instance, we find evidence of corroboration in the testimony of one witness who saw the victim's agitated and incoherent state shortly after the threat was communicated and also saw Sampson standing outside waiting, and by the testimony of another witness who on another occasion saw Sampson react to the presence of the victim by pointing his finger aggressively at the victim as if he was targeting the victim. Under the circumstances, we find the evidence sufficient to corroborate the victim's testimony.

Regarding Sampson's assertions concerning the lack of evidence of an offensive weapon, the victim testified he felt a knife at his throat, and when asked how he knew it was a knife, he testified he felt the edge of it on his throat and Sampson said that he was going to cut his throat. There is no requirement that the weapon be seen by a victim as long as there was some physical manifestation of a weapon and some evidence from which the presence of a weapon may be inferred. *Shellman v. State*, 207 Ga. App. 309 (427 SE2d 817); *Hughes v. State*, 185 Ga. App. 40 (363 SE2d 336). In this instance, this testimony was sufficient. *Sanders v. State*, 204 Ga. App. 37, 38 (419 SE2d 24). Further, in light of all the evidence in the case, we do not consider the fact that one victim described Sampson to the police as being 20 years younger than his actual age, to create a reasonable doubt as a matter of law. Instead, this testimony concerns the weight to be given this testimony and not its sufficiency.

"Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307

(99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980)." *Witherspoon v. State*, 262 Ga. 2 (412 SE2d 829).

2. Sampson's contention that the trial court erred by denying his motion to suppress his statement to the police is without merit. The transcript of the motion hearing shows the trial court found that Sampson was not in custody at the time he made this statement and further found the statement was spontaneous and not in response to police questioning. "As a general rule, the trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous." (Citation and punctuation omitted.) *Santone v. State*, 187 Ga. App. 789, 790 (371 SE2d 428). As the trial court's findings of fact are supported by the testimony of the police officers, the trial court's findings are not clearly erroneous. *Crawford v. State*, supra.

3. Sampson also contends the trial court erred by denying his motion to suppress his statement to the police because it impermissibly put his character in issue. There was no error. The transcript of the hearing on Sampson's motion shows the statement to the police made at the time of his arrest was spontaneous and not in response to police questioning. "As a general rule, all the circumstances connected with a defendant's arrest are admissible as a part of the res gestae." *Crowe v. State*, 193 Ga. App. 385 (388 SE2d 24). Not all evidence that may place a defendant's character in issue is inadmissible; thus, there was no error in admitting this evidence. *Howard v. State*, 206 Ga. App. 610 (426 SE2d 181). Moreover, assuming admission of this statement was error, we find any such error was harmless beyond a reasonable doubt in light of the overwhelming evidence of Sampson's guilt. *Johnson v. State*, 238 Ga. 59, 60 (230 SE2d 869).

4. Finally, Sampson asserts that a box cutter found in his luggage should have been suppressed because it was seized as a result of an illegal search. The trial court found, however, the box cutter was discovered during an inventory of his luggage before it was placed in the jail's storage area. As this finding is not clearly erroneous, we are bound to accept it. *Santone v. State*, supra. Accordingly, since objects seized in a reasonable inventory of property are admissible in evidence (see *Williams v. State*, 204 Ga. App. 372, 373 (419 SE2d 351)), there was no error.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED JUNE 25, 1993.

*Linnie L. Darden III*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assis-*

*tant District Attorney*, for appellee.