## A95A0868. RICKS v. THE STATE.
(458 SE2d 862)

JOHNSON, Judge.

Deron Ricks appeals from his convictions of armed robbery and two counts of false imprisonment.

1. Ricks asserts the trial court erroneously found that his two prior robbery convictions are sufficiently similar to the current armed robbery to be admissible as similar transaction evidence. We agree. Before evidence of independent offenses may be admitted, the State must show, among other things, that there is a sufficient connection or similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). Here, contrary to the finding of the trial court, the State did not make such a showing. Regarding the current crimes, the State showed that Brenda Curry was in her house with her grandson when a man, who she identified as Ricks, knocked on the door and asked to use her telephone. Curry knew Ricks as her son's friend, so she let him into her house. After using the telephone, he threatened Curry with a knife and demanded that she give money to him. Curry opened her purse, and he took $45 and rings that Curry was wearing. He cut the telephone cords, shut Curry and her grandson in the bathroom, and fled. Curry said the entire incident lasted sometime between thirty minutes and two hours.

The State showed the two prior offenses were robberies. However, the circumstances of those prior crimes were very different from the facts of the present case. In one of the prior robberies, Ricks and

another man accosted a woman and a man walking on a busy street by pushing the couple and grabbing the woman's purse. In the other incident, the victim was getting into her car in a parking deck when Ricks snatched her necklace. Thus, unlike the current armed robbery, which took place in the home of a victim who knows Ricks and lasted at least thirty minutes, the two prior crimes were quick, unarmed robberies by snatching with victims who did not know Ricks and who were in public places. Under these circumstances, the mere fact that the prior and present crimes are of the same sort does not render evidence of the prior crimes admissible. See *Wimberly v. State*, 180 Ga. App. 148, 149 (1) (348 SE2d 692) (1986). Because of the lack of connection or similarity between the prior and current crimes, the prior crimes did not tend to show Ricks' course of conduct or bent of mind, the purposes claimed by the State for introducing the prior crimes evidence. Accordingly, the trial court erred in admitting such evidence. See *Banks v. State*, 216 Ga. App. 326, 327-328 (2) (454 SE2d 784) (1995); *Watkins v. State*, 206 Ga. App. 701, 703-704 (1) (b) (426 SE2d 238) (1992).

Moreover, the evidence of Ricks' guilt is not so overwhelming that we can hold the error was harmless. The State's evidence identifying Ricks as the perpetrator of the crimes charged consisted of Curry's testimony, the testimony of her son and two friends that Curry had told them Ricks was the perpetrator, and a police officer's testimony that Curry picked Ricks out of a photographic lineup. Conversely, in support of his defenses of misidentification and alibi, Ricks testified that he was at his grandmother's house at the time of the crimes. Ricks' mother and grandmother supported his defense by also testifying that he was with them at the house during the time this incident occurred. Consequently, as to the ultimate issue of whether Ricks was the perpetrator, this case amounted to a credibility contest between Curry's identification of Ricks and the sworn testimony of Ricks and his witnesses that he could not have committed the crimes charged. "It cannot be said with any degree of certainty that the erroneous admission of the 'other crimes' evidence did not have any prejudicial effect on the jury's determination as to [Ricks'] credibility and, consequently, on the jury's determination as to his guilt." *Higginbotham v. State*, 207 Ga. App. 424, 427 (4) (428 SE2d 592) (1993). Accordingly, Ricks' convictions of armed robbery and two counts of false imprisonment must be reversed, and a new trial held without admission of the prior crimes evidence.

2. Ricks objects that the court erred in allowing the State to improperly use the prior robberies to place his character in issue, in letting the jury see both sentencing information regarding the prior robberies and other charges listed on the prior indictments, in permitting a state witness to place his character in evidence, and in allowing the

prosecutor to make improper closing arguments to the jury. Ricks concedes that none of these objections was raised in the trial court. Consequently, these objections were waived and cannot be raised for the first time on appeal. See *Shutt v. State*, 215 Ga. App. 617, 618 (3) (451 SE2d 530) (1994).

3. Ricks claims that his trial counsel was ineffective for failing to raise any of the objections listed in Division 2. Because of our holding in Division 1, we need not address this claim.

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED JUNE 23, 1995.

*William P. Doupé, for appellant.*
*Lewis R. Slaton, District Attorney, Leonora Grant, Anita T. Wallace, Assistant District Attorneys, for appellee.*