A96A2175. HILL v. THE STATE.
(480 SE2d 256)

ELDRIDGE, Judge.

A Whitfield County jury found Allen Deborah Hill guilty of possession of a drug-related object; appellant was found not guilty of possession of cocaine. He appeals the denial of his motion to suppress.

In reviewing a trial court's decision on a motion to suppress, its findings will not be disturbed if there is any evidence to support them; all relevant evidence of record, including evidence introduced at trial, as well as evidence introduced at the motion to suppress hearing, may be considered. *Pless v. State*, 218 Ga. App. 603 (462

SE2d 472) (1995); *State v. Brodie*, 216 Ga. App. 198 (453 SE2d 786) (1995).

In viewing the record before this Court, the evidence was that Officer Leonard of the Dalton Police Department and two other officers were patrolling a known drug area in an unmarked car at approximately 12:30 a.m. Leonard observed the vehicle of a known crack user, "Velvet," stopped on the south side of McAfee Street; a known crack seller, "Cricket," was walking from that vehicle toward appellant, who had previously been arrested for possession of drugs in that same area. The officer observed that Cricket walked up to appellant, who was standing on the other side of the street; appellant, using a clenched fist, handed Cricket an object; and Cricket started back toward Velvet's car. Based on Officer Leonard's experience as a narcotics officer and his personal knowledge of the people involved, the officer determined that he had just witnessed a drug transaction; Leonard detained appellant and conducted a safety patdown. While patting down the outside of appellant's Levi jacket, the officer felt what he immediately recognized as several rocks of cocaine in the pocket. He reached in appellant's pocket and removed a baggie containing several rocks of apparent crack cocaine. Appellant was arrested, and a crack pipe was found in his possession. The rocks of crack were determined to be an imitation substance; an analysis of the crack pipe came back positive for cocaine residue.

1. Appellant contends that Officer Leonard did not have probable cause to conduct a stop pursuant to *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). We do not agree. Officer Leonard had "reasonable and articulable suspicion" to detain appellant based on his observation of actions consistent with drug activity. *Pless*, supra at 605; *Jackson v. State*, 217 Ga. App. 485 (458 SE2d 153) (1995); *Granger v. State*, 205 Ga. App. 483 (423 SE2d 20) (1992).

2. Appellant contends that Officer Leonard exceeded the "use" of a *Terry* stop because Leonard did "not have authority to manipulate the contents of Defendant's pockets in order to determine if an object is contraband." This allegation cannot be considered because it raises an argument that differs from the argument raised before the trial court. *Robinson v. State*, 208 Ga. App. 528, 529 (430 SE2d 830) (1993). At the motion to suppress, appellant argued only that Leonard exceeded the scope of a *Terry* pat-down because such a pat-down is only for the purpose of recovering weapons, not contraband; appellant never argued that Officer Leonard "manipulated" appellant's jacket pocket in order to ascertain its contents. "Where an entirely different objection or basis for appeal is argued in the brief which was not presented at trial we will not consider that basis as we are limited to those grounds presented to and ruled upon by the trial

court." (Citations and punctuation omitted.) *Robinson*, supra at 530-531 (4).

*Judgment affirmed. Beasley and Blackburn, JJ., concur.*

DECIDED JANUARY 8, 1997.

*Michael A. Corbin*, for appellant.
*Kermit N. McManus, District Attorney*, for appellee.